[Civ. No. 3078. Second Appellate District, Division One.—October 8, 1919.]

MRS. BERTHA GERNHARDT et al., Petitioners, v. IN-DUSTRIAL ACCIDENT COMMISSION et al., Respondents.

[1] WORKMEN'S COMPENSATION ACT—EMPLOYMENT AS MAID IN SANI-TARIUM—RIGHT TO BENEFITS OF ACT.—Under the Workmen's Compensation Act a person employed at a sanitarium as a maid, her duties consisting of what is known as general housework, in addition to which she attends upon patients in the sanitarium, is not engaged in a service falling within the exception of the Workmen's Compensation Act which excludes from the benefits of the act "any employee engaged in household domestic service."

[2] ID.—INJURY WHILE PERFORMING OWN WORK—RIGHT TO COMPEN-SATION.—Such an employee is not entitled to compensation for injuries received in slipping upon a wet floor on the premises of her employer, where at the time she was engaged only in the per-formance of work of her own, which was wholly disassociated from any duty having reference to her employment, she not being re-quired to perform any service until one hour later.

---

1. Occupations or employments within purview of Workmen's Com-pensation Acts, notes, Ann. Cas. 1917D, 4; L. R. A. 1916A, 192, 216; L. R. A. 1917D, 150.

PROCEEDING in Certiorari to review an award of the Industrial Accident Commission.    Award annulled.

The facts are stated in the opinion of the court.

Chas. P. Huey for Petitioners.

A. E. Graupner for Respondents.

JAMES, J.—*Certiorari.* Petitioners here were the respondents before the Industrial Accident Commission. The commission, upon the application of Mrs. Emma Ottesen, made its order requiring petitioners to make certain payments of money for which they were found liable under the provisions of the Workmen's Compensation and Insurance Act. By this proceeding petitioners seek to have the award annulled on the ground that no legal authority existed under the showing made to support the action of the commission. The respondent, Emma Ottesen, who was employed at a sanitarium which petitioners were conducting, slipped upon a wet floor on the premises of petitioners and fell, sustaining a fracture or sprain, or both, of the left forearm. Mrs. Ottesen was employed as a maid, her duties consisting of what is known as general housework, in addition to which she attended upon patients in the sanitarium. The petitioners lived in the same building and the place answered to a residence for them, as well as a sanitarium for the conduct of the business in which they were engaged.

[1] Answering first one of the objections of the petitioners, we are of the opinion that the service for which Mrs. Ottesen was engaged was not one falling within an exception of the Workmen's Compensation Act, which exception excludes from the benefits of the act "any employee engaged in household domestic service." [2] The most serious objection urged against the award of the commission refers to the question as to whether at the time Mrs. Ottesen received her injury she was engaged in the performance or any duty having reference to her employment. We think, under the undisputed facts shown, it should be concluded that this respondent was at the time engaged only in the performance of work of her own, which was wholly disassociated from any duty that she owed to her employers.

The facts were these: Mrs. Ottesen, having some leisure time allotted to herself, intended to go to her own home for the purpose of washing her own clothes. She intended to take up her abode permanently with petitioners, but had not yet brought her effects to their establishment. She intended to go to her home to do her laundering early in the afternoon. Mrs. Gernhardt, one of the petitioners, suggested to her that she could as well do her laundering at the sanitarium, as there was hot water and materials there available. Mrs. Gernhardt further suggested that on that particular day, as she intended to go downtown, she would be glad to have Mrs. Ottesen at the sanitarium while doing the washing, so that she might answer the door-bell. Mrs. Gernhardt stated to Mrs. Ottesen that she would not go downtown until 4 o'clock, and it also appeared that there was another attendant who would be on duty until that hour. Mrs. Ottesen, however, as she stated in her testimony, concluded that she would return to the sanitarium earlier and so have more uninterrupted time within which to complete her laundry work. She therefore returned at 3 o'clock, one hour in advance of the time she was requested to appear, and was making ready to do her washing. She had not commenced at this when, walking across a kitchen floor which had been scrubbed by another attendant and was still in a wet condition, she slipped and fell, injuring her arm as before stated. Explaining her reason for coming at 3 o'clock instead of 4, she gave the following testimony: "Q. The truth is that you were working on your own material and on your own soiled linen between 3 and 4? A. I hadn't commenced yet. Q. Had you come at 4 o'clock that floor would have been dry, and the accident would not have happened? A. Yes, but I couldn't possibly have done my washing and waited on the patient, and the door-bell and telephone, as Mrs. Gernhardt requested me to do, if I had not come before 4 o'clock, when Miss Spicker was off duty. Q. If you had waited and gone on duty at 4 o'clock this accident would not have happened, would it? A. You don't cross a bridge until you come to it; I had to be there at 4 o'clock, to go on duty." So it appears that the time between 3 and 4 o'clock was wholly at the disposal of Mrs. Ottesen; in other words, it was her own time, during which she was not expected and had not been requested to perform any service

for her employers.   We see no difference in the case than were it one where the employee had, during such portions of the day allotted to her for her own purposes, been engaged in performing any act wholly for her own benefit.   A different legal situation, we apprehend, would have been presented had 4 o'clock arrived and had Mrs. Ottesen been left in charge of the premises as was designed, even though she might have been occupied for a portion of the time in washing her own clothes.   At the time of the accident she was not in the kitchen of her employers upon any business of theirs.   Neither does the case fall within those decisions which recognize liability on the part of the employer where the employee is entering the premises of his employers at a seasonable time for the purpose of commencing his labors, or of departing therefrom by the usual way provided.   In our opinion the contention made by these petitioners that they incurred no liability by reason of the accident which befell the employee must be sustained.

The findings and award of the respondent Industrial Accident Commission are annulled.

Conrey, P. J., and Shaw, J., concurred.