[Civ. No. 3251.   Second Appellate District, Division One.—May 6, 1920.]

CONTINENTAL CASUALTY COMPANY (a Corporation), Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION et al., Respondents.

[1] WORKMEN'S COMPENSATION ACT—INJURY TO EMPLOYEE WHILE ON VACATION—SCOPE OF EMPLOYMENT.—Under the Workmen's Compensation Act, an injury sustained by an employee when, upon his own time, free from any duties to his employer, he is engaged in the diversions of his vacation, is not an injury arising out of and in the course of his employment, notwithstanding at the time of the injury he is returning from a railway station, at which place among the things done, he mailed a letter in answer to one he received from his employer on a matter connected with the business of the latter.

PROCEEDING in Certiorari to review an award of the Industrial Accident Commission.   Award annulled.

The facts are stated in the opinion of the court.

Joe Crider, Jr., for Petitioner.

A. E. Graupner for Respondents.

--------

1. Injuries "arising out of and in the course of employment" within meaning of Workmen's Compensation Act, notes, Ann. Cas. 1913C, 4; Ann. Cas. 1914B, 498; Ann. Cas. 1915A, 126; Ann. Cas. 1915C, 779; Ann. Cas. 1916A, 388; Ann. Cas. 1916B, 1293; Ann. Cas. 1916D, 584, 694; Ann. Cas. 1916E, 166; Ann. Cas. 1917D, 195, 199, 209; Ann. Cas. 1917E, 321, 332; Ann. Cas. 1918D, 683; Ann. Cas. 1918E, 813, 1168; L. R. A. 1916A, 40, 232; L. R. A. 1917D, 114; L. R. A. 1918F, 896.

SHAW, J.—In this proceeding upon a writ of review we are asked to annul an award of compensation made by the Industrial Accident Commission to Grey M. Skidmore for injuries alleged to have been sustained while employed as sales manager by the Golden State Portland Cement Company, of which company petitioner was the insurer.

[1] Petitioner attacks the award upon the ground that the evidence is insufficient to sustain the finding of the commission that the injury to Skidmore as such employee arose out of and in the course of his employment.

In September, 1918, Skidmore, accompanied by his family, went from his home in Los Angeles County to a mountain ranch of a relative in northern California, located some five miles from a railway station and postoffice, known as Island Mountain, to spend a week or more in hunting, horseback riding and like diversion, as a vacation. He arrived at the ranch on September 25th, and on the two following days, free from any duties to his employer, engaged with marked success in hunting deer and other game abounding in the vicinity. On September 26th he received a letter from his employer, dated September 23d, pertaining to a request made by a customer for an adjustment of freight upon a bill of goods sold him and which it was claimed Skidmore had agreed to grant, as to which Skidmore made reply the same day; but having learned that some mail, among which was his questionnaire, awaited him at Island Mountain, he held this letter unsealed and, on the morning of September 27th, took his rifle and, by horseback, following a trail representing a shorter route to the station and along which game was plentiful, went to Island Mountain, to which place his wife, accompanied by his uncle, proceeded in a vehicle over the road. Upon arriving at the station he received another letter from his employer, dated September 26th, containing information of general interest as to the progress of the business, but nothing calling for answer, though at the station, in finishing his letter in reply to that of September 23d, he made such comments and suggestions as might be expected from a sales manager on his vacation, referred to his success in hunting, and ended his letter by saying, "Am *riding down to the station* horseback five miles to fix up my questionnaire." After answering the questionnaire, he assisted his uncle in loading some grain and

then went to his horse, which he mounted to return to the ranch, when he was thrown therefrom and his leg broken.

It thus appears that the accident occurred at a time when Skidmore was relieved from duty as an employee of the Golden State Portland Cement Company and while he was engaged in the diversions incidental to the vacation granted him, among which was horseback riding and hunting. His time was his own, to use as he pleased. His purpose in going to the station, as stated by him in his letter, was to answer his questionnaire. For his own diversion he went horseback and, since deer were plentiful along the trail, he took his rifle. The mailing of the letter to his employer was a mere incident of the trip; but conceding the writing and mailing of the letter was within the scope of his employment, he was not injured while engaged in such act, but afterward and when, upon his own time, free from any duties to his employer, he had engaged in the diversions of his vacation. (*Gernhardt et al.* v. *Industrial Acc. Com.*, 43 Cal. App. 484, [185 Pac. 307].) He is no more entitled under the law to claim compensation from his employer for the injury which happened to him in thus returning to the ranch than he would have been had it occurred while he was traveling from his home in Los Angeles to the place where his vacation was to be spent. "The accidents arising out of the employment of the person injured are those in which it is possible to trace the injury to the nature of the employee's work or to the risks to which the employer's business exposes the employee. The accident must be one resulting from a risk reasonably incident to the employment." (*Coronado Beach Co.* v. *Pillsbury et al.*, 172 Cal. 682, [L. R. A. 1916F, 1164, 158 Pac. 212].) There was nothing in the nature of Skidmore's duties to his employer which required him to ride horseback over this trail, carrying a rifle, in traveling from the station back to the ranch; and hence it is impossible to trace the injury to the nature of the employee's work or the risks to which the employer's business exposed the employee as its sales manager. (*Ward* v. *Industrial Acc. Com.*, 175 Cal. 42, [L. R. A. 1918A, 233, 164 Pac. 1123].) The nature of his employment was not such as to expose him to the dangers incidental to the means adopted for his pleasure while on his vacation, and could not have been contemplated in connection with the employ-

ment. (*McNicol's Case,* 215 Mass. 497, [L. R. A. 1916A, 306, 102 N. E. 697].)

In our opinion, the injury sustained did not arise out of the employment, which fact must be made to appear in order to entitle an employee to compensation.

The award is annulled.

Conrey, P. J., and James, J., concurred.