[S. F. No. 7587. In Bank.—June 7, 1916.]

F. E. FISHERING, Petitioner, v. A. J. PILLSBURY et al., Members of and Constituting the Industrial Accident Commission of the State of California, Respondents.

WORKMEN'S COMPENSATION ACT—INJURY RESULTING FROM PLAYFUL ACT OF COEMPLOYEE.—Personal injuries to an employee in a toy establishment, occasioned by the playful act of a coemployee, seventeen years of age and of at least normal capacity and intelligence, in pointing a "trick" camera at him and causing a spring to be ejected therefrom, which inflicted the injury, is not an accident suffered in the course of the injured employee's employment.

APPLICATION for a Writ of Certiorari to review an order of the Industrial Accident Commission denying an application for compensation.

The facts are stated in the opinion of the court.

T. H. Selvage, for Petitioner.

Christopher M. Bradley, and Jas. Alva Watt, and Rolla Bishop Watt, *Amici Curiae*, for Respondents.

MELVIN, J.—A writ of review was issued for the purpose of bringing before this court the proceedings of the Industrial Accident Commission upon the application of one F. E. Fishering for compensation. The commission denied the application, one of the commissioners dissenting.

The facts were as follows: Mr. Fishering was employed in the establishment of Daly Brothers, dealers, among other things, in toys. One day a fellow-employee took a "trick" camera into the petitioner's office, pointed it at him, told him to "look pleasant," and before he could protect himself, touched a button, which caused a spring to be ejected from the false camera. The missile struck Mr. Fishering, so that as a result of the injury thereby inflicted he lost the sight of one eye. There was nothing malicious in the act of Mr. Whalen, the young man who sportively operated the camera.

Although one of the commissioners in his written opinion sought to distinguish the facts shown above from those appearing in the application of Flint for compensation from

Coronado Beach Company and the Frankfort General Insurance Company, on the ground that one bit of "horse-play" was intentional and premeditated while the other was the result of an act not transcending the bounds of ordinary social intercourse between fellow-servants, we are unable to perceive any logical difference between the two cases, and therefore, upon the authority of *Coronado Beach Co.* v. *Pillsbury, ante*, p. 682, [158 Pac. 212], in which an opinion has this day (June 7, 1916) been filed, we approve the action of the Industrial Accident Commission.

In the briefs of counsel for the petitioner great stress is laid upon the fact that the fellow-servant of said petitioner was only seventeen years of age, and an attempt was made to show that this case comes properly within the rule announced in *Challis* v. *London and Southwestern Ry. Co.* [1905], 2 K. B. 154. That case (which involved an injury inflicted upon a locomotive engineer by a stone hurled by a small boy) was cited and discussed in the opinion in *Coronado Beach Co.* v. *Pillsbury*. We need not comment upon it further except to say that even assuming the adoption by us of the extreme doctrine of that case, it has no logical application to the facts here reviewed. Mr. Whalen had been employed in Daly Brothers' establishment for some time, progressing from one position to another until at the time of the accident he occupied a place in the toy department. He was a young man apparently of at least normal capacity and intelligence (to judge from his testimony before the referee). It would be absurd to place him in the same category as the child of the Challis case.

The proceeding is dismissed.

Henshaw, J., Shaw, J., Lorigan, J., Sloss, J., Lawlor, J., and Angellotti, C. J., concurred.