[S. F. No. 7939. In Bank.—May 2, 1917.]

JOHN WARD and LONDON GUARANTEE AND ACCIDENT COMPANY, Ltd., Petitioners, v. INDUSTRIAL ACCIDENT COMMISSION OF THE STATE OF CALIFORNIA et al., Respondents; WILLIAM WARD, Applicant.

WORKMEN'S COMPENSATION ACT—INJURY FROM ACCIDENTAL DISCHARGE OF GUN CARRIED BY EMPLOYEE FOR PLEASURE.—An employee who, in the course of his employment of driving a wagon to the place of work, was injured by the accidental discharge of a shotgun being carried in the wagon by a coemployee for his own pleasure, is not entitled to compensation for the injury under the Workmen's Compensation Act, notwithstanding the employer knew the coemployee was taking the gun, as such accident bore no relation whatsoever to the nature of the employment.

ID.—ACCIDENTS ARISING OUT OF EMPLOYMENT.—The accidents arising out of the employment of the person injured are those in which it is possible to trace the injury to the nature of the employee's work, or to the risks to which the employer's business exposes the employee. The accident must be one resulting from a risk reasonably incident to the employment.

APPLICATION for a Writ of Certiorari to review an award of the Industrial Accident Commission of the State of California.

The facts are stated in the opinion of the court.

Walter H. Linforth, for Petitioners.

Christopher M. Bradley, for Respondents.

HENSHAW, J.—John Ward, petitioner herein, is a contractor. William Ward, his brother, was employed by John to do general labor. John had a contract to dig post-holes on land some miles distant from the city of Santa Barbara. William was directed to drive the team hauling the wagon which contained the tools and implements for this work. The work would consume several days. Thomas Ward, a nephew of both of the brothers, was employed by John Ward to accompany his uncle William on the wagon to the scene of the work and then during the progress of it to take care of the horses. Thomas was a young man of about twenty-one years of age. The wagon was loaded with the tools and implements, and Thomas climbed on to it, taking his seat beside his uncle, the driver, William. He took with him and placed on the seat between himself and his uncle a shotgun, resting the butt of the gun on the seat and the barrel leaning against the tools and implements with which the wagon was loaded. He took the gun for his own pleasure, thinking he would ''get a chance to hunt out there after we quit work.'' The shotgun had no connection with nor bearing upon any part of the work which the men were employed to do. His employer, John, knew he was taking the gun. His uncle William knew that he had placed it on the seat between them and did not object. After having thus proceeded some miles on their journey, in a rough place on the road, the gun slipped from its insecure position on the seat, struck the footboard, and was discharged, the shot striking William in the left arm and mutilating it so as to necessitate amputation. Under this state of facts—and they are without controversy—the Industrial Accident Commission, to which application was made for compensation, awarded compensation under its finding that the injury ''arose out of and happened in the course of said employment, and occurred

while the injured employee was performing service growing out of, incidental to, and in the course of his employment." To review this award the employer and his insurance company secured this writ of review, and the sole question presented is whether it can be said that, within the contemplation of our law, this accident "arose out of" William Ward's employment, for admittedly it happened in the course of his employment and while he was performing service under his employment.

Clearly, we think this award cannot be upheld. Respondents' attorney has referred us to no authority upholding any similar award, and from his known industry and ability it is a safe assumption that such authorities do not exist. The case is clearly one where an employee in the performance of his duty meets with an accident bearing no relation whatsoever to the nature of the employment. The only argument in support of the award would be, it seems to us, that the employer in permitting the fellow-employee to take with him the shotgun subjected the injured man to an extrahazard. But as against this it is clear that the employer, though he knew that the shotgun was to be taken along, neither ordered it nor in any other way than by his silence assented to it. It is not even contended that the employer knew that the gun was loaded, and unloaded it was as harmless as any of the tools which they were carrying. It was quite open to the injured man to object to the presence of the gun, if in fact he did object to it, and it was but a part of common prudence for him to have seen that the gun was unloaded when he assented to his nephew placing it in this obviously dangerous position. The decision of this matter is clearly within the principle declared in such cases as *Coronado Beach Co.* v. *Pillsbury,* 172 Cal. 682, [L. R. A. 1916F, 1164, 158 Pac. 212], and *Fishering* v. *Pillsbury,* 172 Cal. 690, [158 Pac. 215]. In the first of these cases it is said: "The accidents arising out of the employment of the person injured are those in which it is possible to trace the injury to the nature of the employee's work, or to the risks to which the employer's business exposes the employee. The accident must be one resulting from a risk reasonably incident to the employment." This accident was no more reasonably incident to the employment than it would have been had a pistol been carried in the nephew's pocket

and by the same jolt of the wagon had been accidentally discharged to the injury of the uncle.

The award is therefore annulled.

Shaw, J., Sloss, J., Melvin, J., and Angellotti, C. J., concurred.