[Civ. No. 2453.   Second Appellate District.—January 9, 1918.]

BALBOA AMUSEMENT PRODUCING COMPANY (a Corporation) et al., Petitioners, v. INDUSTRIAL ACCIDENT COMMISSION et al., Respondents.

WORKMEN'S COMPENSATION ACT — ACCIDENT ARISING OUT OF EMPLOYMENT.—Under the Workmen's Compensation Act, the accidents arising out of the employment of the person injured are those in which it is possible to trace the injury to the nature of the employee's work or to the risks to which the employer's business exposes the employee. The accident must be one resulting from a risk necessarily incident to the employment. It arises out of the occupation when there is a causal connection between the conditions under which the servant works and the resulting injury. It need not have been foreseen or expected, but after the event it must appear to have had its origin in a risk connected with the employment, and to have flowed from that source as a rational consequence.

ID. — INJURY TO MOVING PICTURE ACTOR IN PUBLIC STREET — ACCIDENT NOT ARISING OUT OF EMPLOYMENT.—An injury received by an actor employed by a moving picture company, while standing in a public

street engaged in conversation with two other employees of the company about private and social matters, from being struck by an automobile of a director of the company, is not an injury arising out of his employment, although the company's plant occupied the four corners of the street intersection and he was then waiting to be called for service.

APPLICATION for a Writ of Review originally made to the District Court of Appeal for the Second Appellate District to annul an award of the Industrial Accident Commission.

The facts are stated in the opinion of the court.

Redman & Alexander, for Petitioners.

Christopher M. Bradley, for Respondents.

WORKS, J., *pro tem.*—The Balboa Amusement Producing Company was engaged in the making of motion pictures and Henry Stanley was an actor employed by it. On the day of the accident out of which this controversy arises, Stanley reported to the company for duty at the usual time in the morning, but was told that his services were not then needed. However, the rules of the business required him to remain at the plant of the company, or on the "lot," to adopt the parlance of the motion picture industry, for possible service during the day. The situation of the company's lot was peculiar, and out of the peculiarity arises the question to be decided in this proceeding. Parts of the plant occupied the four corners of intersecting streets in the city of Long Beach and the two thoroughfares were constantly used by the officers and employees of the company in passing between the portions of the plant on the respective corners in the discharge of their duties. On the morning of the accident, after reporting for service, Stanley crossed one of the streets, proceeding from the place where he had reported to a dressing-room on one of the other corners. His purpose in going to the dressing-room was to change his coat, merely for his own comfort, after which he intended to recross the street to play a game of chess in a part of the plant known as the extra room. On his return from the dressing-room he stopped in the street, where he engaged in conversation with two other employees of the

company.   The conversation was purely social and related to the private affairs of the participants in it.   While the little knot of persons was congregated in the street, one of the directors of the company approached in an automobile, intending to stop at the location of the group.   In attempting to stop his car the driver accidentally struck the accelerator, with the result that the car pitched forward, struck Stanley and injured him.   He applied to the Industrial Accident Commission for relief under the Workmen's Compensation, Insurance, and Safety Act and the commission made an award in his favor.   The petitioners, admitting that the accident occurred in the course of Stanley's employment, contend that his injuries are not compensable under the statute, for the reason that they did not arise out of the employment.

The respondents, in justification of the award, cite many cases from jurisdictions outside of California in which compensation has been made for injuries suffered by employees while on public streets, but to them we need not specifically refer, as we believe them to be distinguishable from the case now before us and because the decisions of the supreme court of this state upon the present question are both numerous and clear.   We cite *Coronado Beach Co.* v. *Pillsbury,* 172 Cal. 682, [L. R. A. 1916F, 1164, 158 Pac. 212]; *Fishering* v. *Pillsbury,* 172 Cal. 690, [158 Pac. 215]; *Kimbol* v. *Industrial Accident Commission,* 173 Cal. 351, [Ann. Cas. 1917E, 312, L. R. A. 1917B, 595, 160 Pac. 150]; *Ward* v. *Industrial Accident Commission,* 175 Cal. 42, [164 Pac. 1123].   In the first of these cases it is said (172 Cal. 685, [L. R. A. 1916F, 1164, 158 Pac. 213]): "The accidents arising out of the employment of the person injured are those in which it is possible to trace the injury to the nature of the employee's work or to the risks to which the employer's business exposes the employee.   The accident must be one resulting from a risk necessarily incident to the employment. . . . It 'arises out of' the occupation when there is a causal connection between the conditions under which the servant works and the resulting injury.   It need not have been foreseen or expected, but after the event it must appear to have had its origin in a risk connected with the employment, and to have flowed from that source as a rational consequence."   There is also a very complete statement of the same rule, in different language, in *Kimbol* v. *Industrial Accident Commis-*

*sion, supra,* a part of the statement being, "The causative danger must be peculiar to the work and not common to the neighborhood."

When measured by the standards set down in these cases, it is not difficult to satisfactorily conclude the present proceeding. Even if it were conceded that injuries suffered by Stanley would have been compensable if they had resulted from an accident happening to him while actually traversing the street on the way from changing his coat, for his own convenience, to a contest at chess, for his own pleasure, we have by no means settled the matter. If we admit that his risk in crossing the street was a risk incident to his employment, upon the theory that, for the purpose of crossing and recrossing, the street was a part of the company's lot, we are yet afield. The thoroughfare was certainly not a part of the lot in the sense that Stanley might properly have loitered, or stood in social converse, upon it, as he might very properly have done upon any part of the lot located upon the corners of the intersection. When he stopped in the street he assumed a risk common to all who might sojourn there in the same manner. Under such circumstances his employer is not called upon to make compensation for his injuries. They did not arise out of the employment.

The award is annulled.

Conrey, P. J., and James, J., concurred.