[Civ. No. 2414.    First Appellate District.—February 16, 1918.]

## GLOBE INDEMNITY COMPANY, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION et al., Respondents.

WORKMEN'S COMPENSATION ACT—ACCIDENT IN CROSSING STREET TO MAIL LETTERS—INJURY IN COURSE OF EMPLOYMENT.—An injury sustained by a bookkeeper and clerk from being run down by an automobile while in the act of crossing a public street to mail letters for his employer according to custom, is an injury arising out of his employment under the Workmen's Compensation Act.

APPLICATION for a Writ of Review originally made to the District Court of Appeal for the First Appellate District to annul an award of the Industrial Accident Commission.

The facts are stated in the opinion of the court

D. Hadsell, Jos. G. Sweet, and E. A. Ingalls, for Petitioner.

Christopher M. Bradley, for Respondents.

BEASLY, J., *pro tem.*—This application for a writ of *certiorari* to review an award of the Industrial Accident Commission against the petitioner is denied upon the following considerations:

The applicant for compensation, Roberts, was a bookkeeper and clerk of one C. H. Kobicke at the time the accident happened. Among his duties was to write letters for his employer and to take these letters to the nearest mail box, which was at the corner of Valencia and another street, in doing which it was necessary for him to cross Valencia Street, and this he did in performing this duty perhaps once each working day of the month. On the day of the accident he took two letters to the mail-box for the purpose of posting them. The letters were written for his employer in the course of his duty. He crossed the street, posted the letters, and while on his way back recrossing Valencia Street was struck by an automobile driven by one E. S. Kimberly, Jr., who was in no way connected with any of the parties to this proceeding. When struck, Roberts was between the sidewalk and the street-car track which runs up the middle of the street. There is no testimony showing or tending to show that the point where the accident occurred was any different or more dangerous than any other section of Valencia Street or any other street in San Francisco. He was not loitering along the street; was not diverging in the least from his duty, and was strictly in the course of his employment when this accident happened.

It is conceded by petitioner that Roberts was so in the course of his employment at the time he sustained the injury, but it contends that this injury did not arise out of the employment.

We take the opposite view, and hold that it did arise out of his employment.

The general rule is laid down very clearly in *Kimbol* v. *Industrial Accident Commission*, 173 Cal. 351, [Ann. Cas.

1917E, 312, L. R. A. 1917B, 595, 160 Pac. 150], thus: "The injury arises out of the employment when there is apparent to the rational mind upon consideration of all the circumstances a causal connection between the conditions under which the work is required to be performed and the resulting injury."

The conditions under which the work here was required to be performed took Roberts upon the street. He was subjected to the perils of the street in the course of such employment in exactly the same manner as that in which a factory hand is subjected to the dangers of the factory while in the course of his employment. There is a direct causal connection here between the fact that the man was on the street and the fact that he was injured. The accident was a natural incident of his work resulting from the exposure occasioned by the necessity of his going upon the street while performing such work. He was not exposed to this danger of the street "apart from his employment." The causative danger was peculiar to the work in that had he not been upon the street in the course of his duty he would not have been injured.

Petitioner cites the English cases as opposed to this view, and also cites some California cases. *Coronado Beach Co.* v. *Pillsbury,* 172 Cal. 682, [L. R. A. 1916F, 1164, 158 Pac. 212], and *Fishering* v. *Pillsbury,* 172 Cal. 690, [158 Pac. 215], are not in point, because there the applicant for compensation was injured by the sky-larking of a fellow-employee—an injury which did not arise out of his employment in any manner, and to which an agency not in any manner connected with his employment contributed, namely, the agency of a fellow-employee engaged in horse play.

Neither do the English cases, we think, support the contention of the petitioner when the facts of those cases are carefully examined—at least most of them do not do so. As an instance, take the case of *Andrew* v. *Industrial Society,* [1904], 2 K. B. Div. 32, where an employee was killed by being struck by lightning. He might have been struck by lightning had he been on the street or in his home or any other place. He was not struck by lightning because of the fact that he was engaged in a peculiar kind of work, while Roberts was run down and injured while in the performance of an act in the course of his duty, and was placed in his

position of peril by that very performance.   The person injured by the dropping of a stone in a railroad cab while the engine was passing under a bridge, and the woman injured while attempting to ward off a cockchafer that flew into the open window of the place where she was employed—the other English cases cited—are upon the same footing as the California cases cited by petitioner.   And so of the case of *Kelly* v. *Los Angeles County,* 3 Decisions of the Industrial Accident Commission, 539, where a laborer was struck by a stray bullet from a boy's gun.

On the other hand, it seems to us that the case of *Kimbol* v. *Industrial Accident Commission,* above cited, in principle covers this case completely.   In the case of *Balboa Amusement etc. Co.* v. *Industrial Accident Com.,* 35 Cal. App. 793, [171 Pac. 108], the injured person was not in the course of his duty when injured.   While waiting for an assignment as a moving-picture actor he crossed the street to change his coat, and on his way back stopped to talk with another employee.   Manifestly, while so stopping he was not in the line of his duty.

The petitioner contends that because Roberts was exposed only to the ordinary perils of the street to which any other person on the street is exposed, he does not fall within the rule which awards compensation for an injury arising out of the employment of the injured man.   When the logical result of the application of the rule for which petitioner is contending is considered, the justice of treating this case as one arising out of Roberts' employment is apparent.   Consider the case of a messenger boy.   He is in no greater peril on the street than any other person there.   He carries perhaps his message in his pocket, leaving his arms disengaged and perfectly free to move about.   But he is on the street constantly in the course of his employment.   To hold that Roberts is not entitled to compensation would be to hold that this messenger boy would likewise not be entitled to compensation for an injury caused to him by the perils of the street.   The illustration might be extended further to truck-drivers, teamsters, and numerous other classes of employment whose followers use the streets in the regular course of their duty, and whose peril on the streets is no greater than that of any other person, but who would not be injured but for the fact that their duty takes and keeps them on the street.   It does not seem to us that the legislature

ever intended that these persons should be excluded from the benefit of industrial accident compensation.

The petition is denied.

Lennon, P. J., and Kerrigan, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 16, 1918.