[S. F. No. 9758.  In Bank.—November 5, 1921.]

GREAT WESTERN POWER COMPANY OF CALI-. FORNIA (a Corporation), Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION et al., Respondents.

[1] Workmen's Compensation Act—Friendly Wrestling Match— Injury Outside of Employment.—An injury received by an employee while in the performance of his duties from being accidentally fallen upon by two fellow-employees who were engaged in a wrestling match, which was not caused by any dispute over the work or over anything connected with the employment, was not an injury arising out of, or in the course of, his employment within the meaning of the Workmen's Compensation Act.

PROCEEDING in Certiorari to review an award of the Industrial Accident Commission.   Award annulled.

The facts are stated in the opinion of the court.

Guy C. Earl and W. H. Spaulding for Petitioner.

A. E. Graupner and Warren H. Pillsbury, for Respondent.

LAWLOR, J.—This is a proceeding in *certiorari* on a petition by the Great Western Power Company of California, a corporation, to review the action of the respondent Industrial Accident Commission allowing an award against petitioner in favor of respondent E. L. Holbrook for injuries received by him while employed by petitioner.

Respondent Holbrook was employed by petitioner in the capacity of pumpman at Belden, California.  While in the performance of his duties he was walking from the toolhouse to a shaft or tunnel in which he was working.  On his way to the shaft he passed over a board platform on which two fellow-workmen were engaged in a friendly wrestling match.  The scuffling was not caused by any dispute or altercation over the work or over anything connected with the

---

1.  Right to compensation in case of injury sustained through horse-play or fooling, under workmen's compensation statutes, notes, 13 A. L. R. 540; L. R. A. 1918E, 504.

employment, and respondent was not participating in it. The wrestlers accidentally fell on him and broke his left leg. He was incapacitated for two months, and applied to the Industrial Accident Commission for compensation under the Workmen's Compensation, Insurance and Safety Act. A hearing was had by that body and it was found the respondent sustained injury occurring in the course of, and arising out of, his employment, and that he was entitled to a benefit of $160.69. Petitioner applied for a rehearing before the Industrial Accident Commission, which was denied. This petition followed.

Petitioner contends that "said commission in rendering said decision and entering said award acted without and in excess of its powers and that the order and decision are unreasonable and that the findings of fact of the said commission in said proceeding do not support the order, decision or award here sought to be reviewed." It insists that "In the case at bar, there are absolutely no facts or circumstances to take this case out of the general rule uniformly followed both in England and in the United States that injuries resulting from 'horse-play' among employees whether the injured party is a participant or not do not 'arise out of the employment.'" In support of this position are cited *Coronado Beach Co.* v. *Pillsbury,* 172 Cal. 682, [L. R. A. 1917F, 1164, 158 Pac. 212]; *Fishering* v. *Pillsbury,* 172 Cal. 690, [158 Pac. 215].

Respondents assert: "We frankly concede that the decision of the commission is inconsistent with the ruling of this court in *Coronado Beach Co.* v. *Pillsbury,* 172 Cal. 682, [L. R. A. 1917F, 1164, 158 Pac. 212], and *Fishering* v. *Pillsbury,* 172 Cal. 690, [158 Pac. 215], both cases being decided the same day. In view of the fact that these cases were early decisions upon the question of horse-play rendered in 1916, and before the doctrine was well established in other states, and that since that time the leading states upon the doctrine have taken the opposite view, so we take the liberty of urging upon the court a reconsideration of the views therein expressed"; that "where an employee is attending properly to his own work without diversion for purposes of horse-play, and is injured by the frolicking act of another employee, such injury, except in exceptional cases, may be said to arise out of the employment, for the reason that the

danger of ordinary frolicking by employees is a danger incident to every business which brings employees together in numbers''; and that ''hazards due to the usual propensities of workmen being brought together in numbers for the purpose of employment should be the hazards insured against both to protect the individual and the community.''

In support of this position respondents cite authorities from other jurisdictions decided since the above-mentioned cases. Petitioner, however, asserts that ''These last-mentioned cases have been cited with approval in a very large number of decisions from the highest courts of many of the states of the land. In the decisions referred to by respondents herein, which do not follow the foregoing cases, the court has had great labor to create and point out circumstances differentiating the cases from these two leading cases.''

The Workmen's Compensation, Insurance and Safety Act of 1917, section 6 (a), [Stats. 1917, pp. 831, 834] provides: ''Liability for the compensation provided by this act, in lieu of any other liability whatsoever to any person, shall, without regard to negligence, exist against an employer for an injury sustained by his employees arising out of and in the course of the employment . . . ''

*Coronado Beach Co.* v. *Pillsbury, supra,* is a case where an employee, who was particularly susceptible to tickling, while in the course of his employment was going downstairs, when he was tickled in the ribs by another employee. As a result he fell down the stairs, sustaining injury. The court held he was not entitled to compensation, saying: ''The accidents arising out of the employment of the person injured are those in which it is possible to trace the injury to the nature of the employee's work or to the risks to which the employer's business exposes the employee. The accident must be one resulting from a risk reasonably incident to the employment. . . . In the matter at bar the employment of Flint exposed him to no greater danger from being tickled by a fellow-servant than would a guest in the hotel of his employer have been so exposed.'' In *Fishering* v. *Pillsbury, supra,* an employee, about seventeen years of age, pointed a trick camera at another employee and caused a spring to be ejected from it. The spring struck the other in the eye, injuring him. The court held he was not entitled to

compensation, on the authority of *Coronado Beach Co.* v. *Pillsbury, supra.*

Respondents rely chiefly upon two cases which follow the rule they ask us to adopt. One of these is *Leonbruno* v. *Champlain Silk Mills*, 229 N. Y. 470, [13 A. L. R. 522, 128 N. E. 711]. In that case an employee, while engaged in the performance of his duties, was struck in the eye by an apple thrown by a fellow-servant at another. The court, in upholding the award, said: ''Whatever men and boys will do, when gathered together in such surroundings, at all events if it is something reasonably to be expected, was one of the perils of his service.'' Another authority is *Willis* v. *State Industrial Com.*, 78 Okl. 216, [190 Pac. 92], in which case an employee was, with several others, warming himself by an open fire during an interval in his work, and was injured because of the explosion of a piece of dynamite which a fellow-employee threw into the fire to see if it would explode. It was declared: ''We think the correct rule is, and so hold in these cases, that if a workman is an active participant in what has been denominated 'horse-play,' he is not entitled to compensation, but if, while going about his duties, he is a victim of another's prank, to which he is not in the least a party, he should not be denied compensation.'' An authority similar to these is *Verschleiser* v. *Stern*, 229 N. Y. 192, [128 N. E. 126].

The other cases cited by respondents do not fully support the rule contended for by them. While in some of them compensation was awarded for injuries resulting from skylarking, in the cases where such compensation has been awarded special circumstances have appeared which made the skylarking peculiarly one of the risks of the employment. In other cases, the compensation was awarded for injuries received by employees as the result of altercations or quarrels, but in each of those cases the controversy had its origin in some misunderstanding or incident connected with the work. These cases decide that while ordinarily compensation will not be allowed where injuries are caused by skylarking or are the result of a dispute between employees, yet an injury may be so caused and still be held to arise out of the employment. Thus, in the case of *In re Loper*, 64 Ind. App. 571, [116 N. E. 324] an employee, while going about his duties, was injured by another's

sportive use of an air-compressor. The injured employee was not participating in the horse-play. The evidence showed the compressor was habitually used in this way. The court declared: "We are not dealing here with a sporadic, occasional, or unanticipated use of the air hose in play. . . . The employer, with knowledge of the facts, permitted such practice to continue. It was within his power to have prohibited it. By failing to do so, it became an element of the conditions under which the employee was required to work." A similar case was *State* v. *District Court*, 140 Minn. 75, [L. R. A. 1918E, 502, 167 N. W. 283]. There an employee was struck in the eye by a sash-pin thrown by a fellow-employee at another, not the injured workman. The injured employee was not engaging in the horse-play. It was customary for the employees to throw things at each other and it was found that the employer knew or should have known of the custom. The court said: "The rule is well enough settled that where workmen step aside from their employment and engage in horse-play or practical joking, or so engage while continuing their work, and accidental injury results, and in general where one in sport or mischief does some act, resulting in injury to a fellow-worker, the injury is not one arising out of the employment within the meaning of compensation acts. (Citing cases.) Here we conceive the situation to be different. Filas was exposed by his employment to the risk of injury from the throwing of sash-pins in sport and mischief. He did not himself engage in the sport. His employer did not stop it. The risk continued. The accident was the natural result of the missile throwing proclivities of some of Filas' fellow-workers and was a risk of the work as it was conducted."

In *Mueller* v. *Klingman* (Ind. App.), 125 N. E. 464, also cited by respondent, the deceased employee and a fellow-employee were working together. The fellow-worker became angered at a remark made by deceased concerning the doing of the work, and threw a hammer at him, striking him in the head. The injury inflicted caused his death. The court held that the injury arose out of the employment, basing the decision on *Pekin Cooperage Co.* v. *Industrial Commission,* 285 Ill. 31, [120 N. E. 530], and quoting from that case as follows: "Where men are working together at the same work, disagreements may be expected to arise about the work, the manner of doing it, as to the use of tools, inter-

ference with one another, and many other details which may be trifling or important. Infirmity of temper, or worse, may be expected, and occasionally blows and fighting. Where the disagreement arises out of the employer's work in which two men are engaged, and as a result of it one injures the other, it may be inferred that the injury arose out of the employment.''

Of the other cases cited by respondent, *Stuart* v. *Kansas City*, 102 Kan. 307, 563, [171 Pac. 913] , *Marchiatello* v. *Lynch Realty Co.*, 94 Conn. 260, [108 Atl. 799], *Colucci* v. *Edison Portland Cement Co.*, 93 N. J. L. 332, [108 Atl. 313], are similar to *In re Loper, supra,* and *State* v. *District Court, supra.* The others resemble *Mueller* v. *Klingman, supra,* and were decided on the theory that injury resulted from an altercation concerning the work. These cases are *Heitz* v. *Ruppert,* 218 N. Y. 148, [L. R. A. 1917A, 344, 112 N. E. 750]; *American Steel Foundries* v. *Melinik* (Ind. App.), 126 N. E. 33; *Polar Ice & Fuel Co.* v. *Mulray,* 67 Ind. App. 270, [119 N. E. 149]; *Pekin Cooperage Co.* v. *Industrial Commission, supra.* Another case, *Stasmos* v. *State Industrial Commission,* 80 Okl. 221, [195 Pac. 762], although decided on the authority of *Leonbruno* v. *Champlain Silk Mills, supra,* was clearly a case where the injury was caused by an altercation concerning the employment, inasmuch as the employee was injured as the result of an altercation with his foreman over which of two lifts he should use in leaving the place in which he was working, the mine having been shut down suddenly and the employees ordered to the surface. The English cases of *Thom* v. *Sinclair,* [1917] App. Cas. 127, and *Dennis* v. *White & Co.,* [1917] App. Cas. 479, contain valuable discussion of the phrase "arising out of the employment," but the facts are dissimilar and they do not assist in a decision of the case at bar.

[1] While the authorities cited above from New York and Oklahoma lay down the rule contended for by respondents, we are not prepared to concede that they represent the general trend of authority on the subject. We do not think, therefore, that these authorities would justify us in overruling the settled law of this state as laid down in *Coronado Beach Co.* v. *Pillsbury, supra,* and *Fishering* v. *Pillsbury, supra,* approved in the late case of *Federal Mut. Liability Ins. Co.* v. *Industrial Acc. Com., ante,* p. 284, [201 Pac. 920], on the subject of injuries received by an

employee through horse-play.   It cannot be held that all injuries so received in the course of the employment arise out of the employment.   It may be remarked that the recent case of *General Accident etc. Assur. Corp.* v. *Industrial Acc. Com.*, 186 Cal. 653, [200 Pac. 419], is in harmony with the rule expressed in *Mueller* v. *Klingman, supra,* and the similar cases.   In that case the injured employee was repairing a tire in a garage a short distance from where his employer and a stranger became engaged in a quarrel over the purchase of gasoline by the latter.   The employer shot at the stranger and the bullet glanced and struck the injured employee, who had not participated in the quarrel.   The question presented in that case was whether the injury arose out of the employment.   Mr. Justice Shurtleff, in writing the opinion of the court, said: "In the present case the injury is largely, if not wholly, traceable to the acts of the employer.   The controversy in which it was received arose out of an incident which concerned his business, namely, an application to purchase gasoline.   That it ultimately resulted in a personal difference, or that the accident was an unusual one, not likely to occur, does not deprive it of its business character or establish that it did not arise out of the employment. . . . What are termed the 'horse-play' cases, and the rule in them announced, have no application here.   The injury sustained by Shrout was not due to skylarking or a frolic, but was received in the course of a series of incidents which had their initiative in a business transaction of his employer and while the latter was actively and justifiably engaged in defending his business."

In the case at bar it is not claimed or shown that the scuffling was habitual, that the employer had any knowledge of the horse-play, or that it had any other characteristic which would make it a risk of the employment.   The injury was an unfortunate accident which had no connection with the employment, and did not arise out of it.   The employer should not be held liable.

The award is annulled.

Wilbur, J., Sloane, J., Shurtleff, J., and Shaw, J., concurred.