[L. A. No. 11886. In Bank.—June 26, 1930.]

PACIFIC EMPLOYERS INSURANCE COMPANY (a Corporation) et al., Petitioners, v. DIVISION OF INDUSTRIAL ACCIDENTS AND SAFETY and JOSEPH FIORE, Respondents.

F. Britton McConnell for Petitioners.

Edward O. Allen for Respondents.

LANGDON, J.—This matter comes to us upon a writ to review an award of the Industrial Accident Commission, granting compensation to the employee Fiore.

The employee was a sewing-machine operator in a tailoring establishment. In the same room the "cutter" was located at a counter to which the machine operator went for materials for his work. A salesman for the employer had left his bag of golf sticks in the store. In an idle moment the "cutter" was practicing swinging one of these golf clubs at a place close to the table where he did the cutting. As Fiore approached the cutting table for mate-

rials, the swinging club struck him in the face, inflicting the injury for which the Industrial Accident Commission awarded compensation.

The facts of the case are not disputed. The respondent seeks to differentiate this case from the cases of *Coronado etc. Co.* v. *Pillsbury*, 172 Cal. 682 [L. R. A. 1916F, 1164, 158 Pac. 212, 213], *Fishering* v. *Pillsbury*, 172 Cal. 690 [158 Pac. 215] and *Great Western Co.* v. *Industrial Acc. Com.*, 187 Cal. 295 [201 Pac. 931], because in the instant case neither of the employees was "skylarking" or indulging in "horseplay." There was no intent on the part of the cutter to touch or injure Fiore and Fiore was unaware, apparently, of the cutter's exercise with the golf clubs.

However, the sole question presented is whether said injury arose out of the operator's employment so as to be compensable. While the cases above cited may be distinguished from the instant case in some particulars, they are not distinguishable upon principle. The principle of those cases is announced in the following language appearing in the opinion in *Coronado Beach Co.* v. *Pillsbury, supra:* "The accidents arising out of the employment of the person injured are those in which it is possible to trace the injury to the nature of the employee's work or to the risks to which the employer's business exposes the employee. The accident must be one resulting from a risk reasonably incident to the employment. . . . It arises out of the occupation when there is a causal connection between the conditions under which the servant works and the resulting injury. It need not have been foreseen or expected, but after the event it must appear to have had its origin in a risk connected with the employment, and to have flowed from that source as a rational consequence."

In the case last cited the court considered an earlier case in which a foreman had been assaulted, without provocation, by one of his workmen, saying: "It was held that the employment of the foreman did not expose him to risk of such assault to any greater extent than the risk of any bystander not so employed of being assaulted in the same manner. This conclusion from the facts found was logical and proper. In the matter at bar the employment of Flint exposed him to no greater danger from being tickled by a fellow-servant than would a guest in the hotel of his em-

ployer have been so exposed. The two cases are quite similar.''

We think this case is also similar in principle. Fiore was exposed to no greater danger of being struck by this golf club, because of his employment than would have been any customer or acquaintance of the employer who might have visited the place of business. Logically, this case cannot be differentiated from the cases cited, and this is apparently well understood by the respondent commission, for its argument is, in effect, an attempt to secure a modification or reversal of the rule of these cases, which clearly would be required for an affirmance of this award. The commission made a similar effort in the case of *Great Western Co.* v. *Industrial Acc. Com., supra,* but this court refused to overrule the two previous cases of *Coronado Beach Co.* v. *Pillsbury* and *Fishering* v. *Pillsbury, supra,* but reaffirmed these cases upon reason and authority.

The award is annulled.

Preston, J., Richards, J., Seawell, J., Shenk, J., and Waste, C. J., concurred.