[Civ. No. 4907. Third Appellate District.—May 26, 1933.]

MAUDE R. TORREY, Petitioner, v. INDUSTRIAL ACCI-DENT COMMISSION, DEPARTMENT OF AGRICUL-TURE et al., Respondents.

304

Chas. A. Bliss for Petitioner.

A. I. Townsend and Everett A. Corten for Respondents.

MILLER, J., *pro tem.*—This is a petition to review and annul a decision of the Industrial Accident Commission of the State of California, finding that the death of Ivor F. Torrey, who was an employee of the Department of Agriculture Bureau of Dairy Control of the State of California, did not occur in the course of his employment.

The deceased, at the time of his death, which occurred July 24, 1932, was a resident of Sacramento, and was an employee of said department. He was a supervising inspector, and his duties required him to travel over the state, conferring with local inspectors of the department, and arranging for and conducting meetings of dairymen in an effort to obtain their co-operation in enforcing the laws and regulations affecting them and their products. Such meeting was scheduled to be held at Eureka on July 25, 1932, and it was expected to last three days. One Louis Brown was the inspector in charge at Eureka. He lived at Ferndale, some miles southerly from Eureka. Mr. Torrey was on his way from Sacramento to Eureka, and drove by Ferndale for the purpose of conferring with Mr. Brown concerning business of the meeting on the following day. On arriving at Ferndale, he learned that Mr. Brown was attending a picnic some miles away, and he proceeded to hunt him up at the picnic, and they there discussed the proposed meeting and a surprise test they were to make of the milk of the dairymen of the Eureka district. They

were frequently interrupted during their discussion because of the fact that Mr. Brown was a moving spirit at the picnic, if not the directing head. Motor-boats were plying on the river near by. Mr. Torrey had with him his small son, who expressed a wish to have a boat ride. Mr. Brown was accompanied by a lady friend to whom he was desirous of giving a ride on the fanciest speedboat on the river. Torrey and Brown had been conferring for half an hour, and were talking, but about what it does not appear, when the operator of the star boat called Brown and announced that he was ready to leave on his last trip of the day, whereupon Brown invited Mr. and Mrs. Torrey and their small son to join him and his companion on the ride. Torrey and the son accepted, Mrs. Torrey preferring to remain ashore. Mr. Brown's companion and the Torrey boy were seated inside the cabin of the boat, and there being ten other passengers aboard, Brown and Torrey went on top of the boat. The trip was to last only five minutes, but the boat capsized and both Brown and Torrey with six other persons were drowned.

Petitioner contends that because Brown and Torrey were discussing the business he went to see Brown about at the time Brown was advised that the boat was making its last trip for the day, it must be presumed that they went upon the boat to continue their discussion, and that they were engaged in that discussion at the moment of the accident and resulting death; hence, that deceased was acting in the course of his employment at the time of his death, and therefore entitled to compensation.

With petitioner's view of the case we find ourselves unable to agree. We believe that the natural thing to assume, and to our minds the only reasonable conclusion one may reach in the circumstances under which the deceased went upon the boat was that if he had not already concluded his discussion of the business under consideration, he and Brown at least laid it aside for five minutes so they could enjoy a little diversion and the thrill of a ride on a bounding speedboat. Surely, it is far-fetched to assume that Torrey, or anyone else save the operator of the boat, who ran it as a business, whether young or old, full of the exuberance of health or borne down by the weight of years, or the most exacting

demands of business, went on that boat ride for any other purpose than his personal pleasure.

The decisions of the Accident Commission cited by petitioner as supporting her position are not, in the first place, controlling on this court, and, in the second place, present facts essentially different from the instant case.

The case of *Griffith* v. *Arrowhead Hot Springs*, 15 Industrial Acc. Com. 55, is more nearly in point. That was a case where the driver of a truck was on his way home from work, when he left his truck and ran across a street to get himself some tobacco, and while crossing the street on that mission was struck by an automobile. We cannot subscribe to the Commission's holding in that case, that the truck driver was injured in the course of his employment, as being either sound law or based on sound reasoning.

Petitioner declares that there is no evidence in the case other than what she produced. It is true she produced all of the evidence that there is in the case, but it does not follow, as petitioner seems to think, that because she produced all the evidence, no finding may be made against her, and that the evidence must be considered as favorable to her side of the case. Adverse as well as favorable inferences may be drawn from evidence produced by her, and there is an inference or presumption to be drawn from the boat ride (in the absence of some evidence other than the inference contended for by petitioner that a five-minute ride was taken so the conference might continue), that Torrey had, for the time being at least, turned aside from the business of his employment to fields of personal recreation. (*Hufstetler* v. *Industrial Acc. Com.*, 103 Cal. App. 741 [290 Pac. 922].)

 The accident must be one resulting from a risk reasonably incident to the employment, to justify an award. (*Coronado Beach Co.* v. *Pillsbury et al.*, 172 Cal. 682 [158 Pac. 212, L. R. A. 1916F, 1164]; *Ward* v. *Industrial Acc. Com.*, 175 Cal. 42 [164 Pac. 1123, L. R. A. 1918A, 233]; *Balboa Amusement Producing Co.* v. *Industrial Acc. Com.*, 35 Cal. App. 793 [171 Pac. 108].)

It would require a long stretch of the imagination to believe that the risk attendant upon the boat ride involved in this case was reasonably incident to the employment of the

decedent. The evidence would not have justified any other conclusion than that reached by the Commission.

The award is affirmed.

Thompson, J., and Pullen, P. J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on June 24, 1933, and an application by petitioner to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 25, 1933.