[Civil No. 3478. Filed July 2, 1934.]

[33 Pac. (2d) 993.]

JOHN SORENSON, Petitioner, v. THE INDUSTRIAL COMMISSION OF ARIZONA, Respondent.

Mr. Herman Lewkowitz and Mr. J. B. Zaversack, for Petitioner.

Mr. Don C. Babbitt and Mr. Emil Wachtel, for Respondent.

LOCKWOOD, J. — John Sorenson, hereinafter called petitioner, filed an application for compensation with the Industrial Commission of Arizona for injuries received by him on the 15th day of June, 1933, alleging that at such time he was employed by a partnership doing business under the firm name and style of Farmers' Distributing Company and composed of S. Ishikawa, J. Takesuye and K. Ito. The case came for hearing before the commission in the usual informal manner, and compensation was denied. Thereupon petitioner asked for a rehearing, which was granted, and at such rehearing evidence, both documentary and oral, was offered, and the commission, after considering the same, denied compensation on the ground that the petitioner was not an employee of the partnership above named, but was a member thereof, and therefore not entitled to compensation under the Workmen's Compensation Act and the terms of the policy issued to the partnership by the commission as insurance carrier.

There is but one question for our consideration, and that is whether there is sufficient evidence in the record to sustain the findings of the commission that petitioner was a partner in the Farmers' Distributing Company, and not an employee thereof. We have held repeatedly that the findings of the Industrial Commission should be upheld if from the evidence there can reasonably be drawn an inference which will support them. *Hartford Accident & Indemnity Co.* v. *Industrial Commission*, 38 Ariz. 307, 299 Pac. 1026; *Johnson* v. *Industrial Commission*, 35 Ariz. 19, 274 Pac. 161; *Grabe* v. *Industrial Commission*, 38 Ariz. 322, 299 Pac. 1031. And this is true even though the evidence upon which the commission bases its finding was all offered by petitioner.

As was said in *Torrey* v. *Industrial Acc. Com.*, 132 Cal. App. 303, 22 Pac. (2d) 525, 526:

"Petitioner declares that there is no evidence in the case other than what she produced. It is true she produced all of the evidence that there is in the case, but it does not follow, as petitioner seems to think, that because she produced all the evidence, no finding may be made against her, and that the evidence must be considered as favorable to her side of the case. Adverse as well as favorable inferences may be drawn from evidence produced. . . . "

We therefore consider the evidence to determine whether a reasonable inference can be drawn therefrom that petitioner was a partner in the Farmers' Distributing Company. We have examined the entire transcript carefully. It appears therefrom that the Farmers' Distributing Company was a copartnership engaged in the business of packing and shipping lettuce, cantaloupe and similar products. Petitioner was its general manager and had the entire charge of its bank account, and general supervision of its operations. He received as compensation for his labor a certain fixed sum per month, plus a 15 per cent. commission on the net profits of the operation, if any.

Along in May, 1933, and something over a month before his injury, one Levy, who claimed to be an employee of the partnership, applied to the commission for compensation. Petitioner testified on such application as follows:

"Question: Who are the Farmers' Distributing Company? Answer: It is an independent shipping association that I am manager of.

"Question: Is it a corporation? Answer: No.

"Question: Partnership? Answer: Yes.

"Question: Who composes the company? Answer: Three Japs.

"Question: What are their names? Answer: J. Takesuyi, Ishikawa, K. Ito *and myself, too.*

"Question: What are the addresses of these men? Answer: We have a post office box, number 1317.

"Question: Phoenix? Answer: Yes." (Italics ours.)

Thereafter, and in the early part of June, a corporation was organized under the name of Farmers' Distributing Company, Inc., the incorporators being described as petitioner, Herman Lewkowitz, and J. B. Zaversack. When the stock of the corporation was issued, 20 shares went to petitioner, 20 shares to the family of J. Takesuye, one of the admitted members of the partnership, 40 shares to the family of S. Ishikawa, another of the partners, 10 shares to K. Ito, a third partner, and the balance to other Japanese. Petitioner was also named as one of the officers of the corporation. The corporation was a closed one, no stock being sold to the general public, and a total of 123 shares had been issued, 3 of the shares being what are known as qualifying shares for the incorporators and representing nothing paid to the corporation. When the question was asked of petitioner as to how he paid for his interest in the corporation, his testimony was rather vague; he at one time stating it was paid in cash, and at another by transfer to the corporation of certain debts due him from the partnership, while one of the members of the partnership said it was paid by a check on the partnership bank account signed by petitioner.

After petitioner was injured certain money was paid to him by the corporation, and his explanation thereof might be characterized as not entirely clear and satisfactory.

On this evidence, standing alone, we cannot say affirmatively that the commission was not justified in drawing the inference that petitioner was in realty a silent partner in the business of the Farmers' Distributing Company at the time he was injured, instead of being merely an employee thereof. The fact

that he drew a fixed salary is not of itself conclusive that he was not a partner, for frequently a managing partner in a business is allowed a fixed salary in addition to participation in the profits. The fact that part of his compensation was a percentage of the profits, while not conclusive that he was a partner, is a method more usually used in dividing the profits among partners than in paying employees. It is true that petitioner and the three admitted members of the firm denied specifically and categorically that petitioner's relation to the partnership was anything but that of an employee, and that the application for the industrial insurance carried by the partnership did not include the name of petitioner as one of the members of the firm. But the commission is the sole judge of the credibility of the witnesses, and the evidence which we have set forth hereinbefore is of such a nature that we cannot say as a matter of law it was not sufficient to justify the commission in refusing to accept the testimony supporting petitioner's theory of his relations with the firm. As we said in *Crozier* v. *Noriega,* 27 Ariz. 409, 233 Pac. 1104, 1106, quoting approvingly from *Davis* v. *Judson,* 159 Cal. 121, 113 Pac. 147:

"While it is the general rule that the uncontradicted testimony of a witness to a particular fact may not be disregarded, but should be accepted by the court as proof of the fact, this rule has its exceptions. The most positive testimony of a witness may be contradicted by inherent improbabilities as to its accuracy contained in the witness' own statement of the transaction, or there may be circumstances in evidence in connection with the matter, which satisfy the court of its falsity. The manner of the witness in testifying may impress the court with a doubt as to the accuracy of his statement, and influence it to disregard his positive testimony as to a particular fact, and, as it is within the province of the trial court to determine what credit and weight

shall be given to the testimony of any witness, this court cannot control its finding or conclusion denying the testimony credence, unless it appears that there are no matters or circumstances which at all impair its accuracy."

We are of the opinion that we cannot say affirmatively there was not evidence in the record which would, as a matter of law, sustain the inference drawn by the commission that petitioner was in reality a silent partner in the Farmers' Distributing Company, and therefore not entitled to compensation for his accident, under the terms of the policy issued by the insurance carrier. The award is affirmed.

ROSS, C. J., and McALISTER, J., concur.