[Civ. No. 17413.   Second Dist., Div. Two.   Mar. 24, 1950.]

REINALD L. MOISE, a Minor, etc., Respondent, v. FRED T. OWENS, Appellant.

Crider, Runkle & Tilson, Donald E. Ruppé and E. Spurgeon Rothrock for Appellant.

George A. Pickering for Respondent.

MOORE, P. J.—The sole question for decision is whether the Industrial Accident Commission has exclusive jurisdiction of an action on account of injuries arising out of the negligence of the employer while the employee was engaged in the course of his employment.

Appellant in pursuit of his business as a cement contractor had respondent and other workmen engaged on the premises

of a patron in carrying sacks of cement from a pile in front of appellant's truck which was parked with its front bumper about 4 feet from the driveway curb to a pile 10 feet away. Before attempting to drive the truck out appellant informed respondent and his collaboraters of his intention and entered the driver's seat from its left side. While respondent was standing in front of the truck and in plain view of appellant, the two engaged in conversation. As respondent stooped to pick up the last sack of cement, appellant started the truck. It jumped forward and crushed respondent's legs between the wheel and the curb causing severe injuries.

Thereafter respondent filed his application with the Industrial Accident Commission for adjustment of his claim based upon the injuries so received. After receiving compensation for 11 weeks, he advised the commission that he was about to file a negligence action in the superior court based upon the same facts. Pursuant to such advice the commission suspended its proceedings in the matter. In compliance with section 3856 of the Labor Code respondent stipulated with appellant's insurance carrier that he would recognize its lien upon any judgment he might obtain for the full amount expended on him by such carrier. In his answer to the action appellant included as an affirmative defense a plea that exclusive jurisdiction of the matter rested with the Industrial Accident Commission. After a trial of the issues judgment for $2,960 was entered in favor of respondent.

The law is clearly established that when a workman suffers an injury to which he was exposed in the course of his employment, and it arises out of the employment, the Industrial Accident Commission has exclusive jurisdiction to determine the liability and award. (Lab. Code, § 3601; *Freire* v. *Matson Navigation Co.*, 19 Cal.2d 8 [118 P.2d 809] ; *Baugh* v. *Rogers*, 24 Cal.2d 200 [148 P.2d 633, 152 A.L.R. 1043] ; *Nelson* v. *Associated Indemnity Corp.*, 19 Cal.App.2d 564 [66 P.2d 184].) The theory upon which compensation in such cases is awarded is that the causal connection between the employment and the injury consists in the facts (1) that the employment required the presence of the employee at the spot where he suffered his injury and (2) that it was caused by some human or mechanical instrumentality incidental to the employment. (Lab. Code, § 3600; *Frigidaire Corp.* v. *Industrial Acc. Com.*, 103 Cal.App. 27 [283 P. 974] ; *Globe Indemnity Co.* v. *Industrial Acc. Com.*, 36 Cal.App. 280 [171 P. 1088] ; *Kimbol* v. *Industrial Acc. Com.*, 173 Cal. 351, 354

[160 P. 150, Ann.Cas. 1917E 312, L.R.A. 1917B 595] ; *Pacific Indemnity Co.* v. *Industrial Acc. Com.*, 86 Cal.App.2d 726, 730 [195 P.2d 919] ; 18 Cal.L.Rev., p. 562; *General Accident, Fire & Life Assurance Corp.* v. *Industrial Acc. Com.*, 186 Cal. 653, 657 [200 P. 419].)

A number of decisions demonstrate that the instant cause is compensable and is justiciable only before the commission and not before the court. In *Freire* v. *Matson Navigation Co., supra,* the employee in stepping from a taxicab onto the bulkhead adjoining the pier to which defendant's ship was moored was struck by defendant's automobile operated by one of its employees. The effect of that decision is that where the hazard is directly connected with the employment and the injury arises out of and in the course of plaintiff's employment, the Workmen's Compensation Act is to be liberally construed in favor of jurisdiction in the commission with the purpose of extending the benefits of the act for the protection of persons injured in the course of their employment. The rule is not altered because a plaintiff believes that he can establish negligence on the part of his employer and brings a civil suit for damages. If the injury falls within the scope of the act, a proceeding thereunder constitutes his exclusive remedy. In *Associated Indemnity Corp.* v. *Industrial Acc. Com.*, 18 Cal.2d 40 [112 P.2d 615], the employer, a terminal company, was using a dock of a railroad company. The terminal company's superintendent was awarded compensation for an injury sustained while riding with permission on an engine from the depot to the dock on a mission for his employer. The commission's award was affirmed. In *Truck Insurance Exchange* v. *Industrial Acc. Com.*, 27 Cal.2d 813 [167 P.2d 705], the employee, a ranch hand, was killed on the highway on which he was compelled to travel to another ranch of his employer. His widow's benefit was affirmed under the doctrine that when an employee's injury arises out of his employment and is proximately caused thereby, the commission has exclusive jurisdiction to arbitrate the claim. In *Filitti* v. *Lerode Homes Corp.*, 244 N.Y. 291 [155 N.E. 579], the employee was struck by a piece of cornice which fell from an adjoining building. The danger of its falling attached to the spot where the claimant was at work. It was peculiar to the situation and was a risk which arose from working alongside the building. (See *California Casualty Indemnity Exchange* v. *Industrial Acc. Com.*, 21 Cal.2d 461 [132 P.2d 815] ; *Tingey* v. *Industrial Acc. Com.*, 22 Cal.2d 636 [140 P.2d 410].)

The authorities cited by respondent (*Associated Indemnity Corp.* v. *Industrial Acc. Com.*, 43 Cal.App.2d 292 [110 P.2d 676]; *California Casualty Indemnity Exchange* v. *Industrial Acc. Com.*, 190 Cal. 433 [213 P. 257]; *Lumbermen's Mutual Casualty Co.* v. *Industrial Acc. Com.*, 134 Cal.App. 131 [25 P.2d 22]; *Robbins* v. *Yellow Cab Co.*, 85 Cal.App.2d 811 [193 P.2d 956]) are distinguished by their facts. The primary cause of the injury in each of them was remote from the scene of the employment and did not arise out of the employment. In *Associated Indemnity Corp.* v. *Industrial Accident Commission* the employee while at work on a ranch was struck by a bullet fired from a rifle by a boy who was shooting at a bird. In *California Casualty Indemnity Exchange* v. *Industrial Accident Commission* the claimant was widow of an ice delivery man who was struck down by an automobile after lunching at a café and while returning to his truck from a visit to a cigar store. *Lumbermen's Mutual Casualty Company* v. *Industrial Accident Commission* involved the injury to an orange picker who while waiting for the picking boxes to arrive crossed to the south side of the road where he engaged in conversation with other pickers standing on the highway. While so engaged, another orange picker drove up and struck him with his automobile. There was no causal connection between the employment and the injury.

Inasmuch as the Workmen's Compensation Act must be liberally construed in favor of jurisdiction in the commission, in view of the authorities supporting the rule, it would be egregious error to permit the instant action wherein all conditions for compensation concur to be prosecuted in the superior court.

The judgment is reversed with instructions to enter judgment in favor of defendant without prejudice to respondent's proceeding before the Industrial Accident Commission.

McComb, J., and Wilson, J., concurred.