[Civ. No. 8478. Second Appellate District, Division Two.—February 3, 1933.]

LLEWELLYN IRON WORKS (a Corporation), Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION and E. J. CRIDER, Respondents.

[Civ. No. 8553. Second Appellate District, Division Two.—February 3, 1933.]

LLEWELLYN IRON WORKS (a Corporation), Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION and E. J. CRIDER, Respondents.

F. Britton McConnell for Petitioner.

A. I. Townsend and Earl A. Everett for Respondents.

ARCHBALD, J., *pro tem.*—On December 21, 1922, respondent E. J. Crider, while employed by petitioner, sustained an injury during the course of such employment. Subsequently, on December 19, 1923, respondent Commission awarded Crider compensation for such injury. On August 29, 1927, the Commission amended its findings and award theretofore made by making new findings of 100 per cent disability, with the following additional compensation: $500 for medical, hospital and nursing services, payable forthwith, "and the further sum of $15.00 weekly beginning March 4, 1927, and continuing indefinitely and until the termination of the need for said nursing services".

Petitioner paid such additional nursing charge to May 8, 1931, and no more. On August 5th of that year respondent Crider filed his petition with the Commission for an order compelling Llewellyn Iron Works to reimburse him for nursing services since May 8, 1931, at the rate of $15 per week, and to continue to pay such sum in accordance with said order of August 29, 1927. The answer of Llewellyn Iron Works to such petition alleged as a defense that Crider had not been in need of nursing services since the date mentioned. The taking of testimony on the issue thus raised was finished December 29, 1931, and the matter was by the referee submitted on briefs to be thereafter filed. On March 3, 1932, the decision of the referee denying the relief prayed for was approved and made the decision of the Commission. May 4, 1932, the Commission filed a document entitled "Decision on Defendant's petition for rehearing filed March 23, 1932," in which it finds that the order of March 3 "was null and void and beyond the jurisdiction of the commission"; that it "is void on its face and that it is not necessary to grant defendant's petition for rehearing . . . or to act on said petition for rehearing within 30 days after the date of filing said petition"; that "the need for nursing services as heretofore found in the decision rendered herein on August 29, 1927, still continues"; that "the said award made and filed herein on August 29, 1927, is still in force and effect and requires

no supplemental orders that it be continued", and "that the period of 245 weeks having elapsed since the date of the injury herein, this commission has no jurisdiction to rescind, alter or amend the decision herein". It was then ordered (1) that the relief requested by defendant in his petition for a rehearing be granted, and (2) the order of March 3, 1932, was annulled as of the same date. On May 24, 1932, said Llewellyn Iron Works filed its petition for a rehearing of the order of May 4, which petition was denied by the Commission June 14, 1932.

Prior to the filing of said petition, however, Llewellyn Iron Works filed a petition to review said order of May 4, 1932, which was given number 8478 in the files of this court. Respondent Crider filed his petition for a review of the order of March 3, 1932, after thirty days from the filing of said petition had expired without action thereon by the Commission (sec. 64, Workmen's Compensation, Insurance and Safety Act, 1917). [Stats. 1917, p. 873.] Petitioner Llewellyn Iron Works was not aggrieved by said denial by operation of law and was not in any way aggrieved until the order of the Commission of May 4th was made, which purported to vacate the order of March 3, 1932, which order was favorable to said Llewellyn Iron Works. No cause of action accrued to said Llewellyn Iron Works until its petition for rehearing of said order of May 4th was denied by the Commission (sec. 64b). As a consequence the petition in case No. 8478 was prematurely filed.

Respondent Commission urges that its order of March 3, 1932, was an attempted amendment of its award of August 29, 1927, after the expiration of 245 weeks, and is consequently null and void on its face. It is apparent from a reading of that order, which is entitled "Decision on Defendant's petition for Rehearing filed March 23, 1932," that it was merely an attempt, on motion of the Commission, to rid its records of what was deemed to be a void order. Such action, in our opinion, can only be supported upon that theory, in view of the fact that the petition for rehearing was denied by operation of law on April 22d, no extension of time having been made within which to act thereon (sec. 64f). Assuming, therefore, without deciding, that the Commission had the power to clear its records of an order void on its face, the issue is squarely raised as to whether the

order of March 3, 1932, is void because made after the period of 245 weeks provided by the act.

■ The order of August 29, 1927, so far as it related to continuing nursing services, is not a definite order. It reads (italics ours) : ''and the further sum of $15.00 weekly beginning March 4, 1927, *and continuing indefinitely and until the termination of the need for said nursing services*''. If the order had been definitely made as to the time and the necessity for a continuance of such payments, granting that it could have been so made, the only issue that could have been raised before the Commission would have been as to the amount not paid. All other questions would have been conclusively settled by the original award. Petitioner here admitted that payments had not been made since May 8, 1931, and its defense before the Commission was that such services were not necessary after that date. The form of the award left that question open and undecided, and the answer of Llewellyn Iron Works raised it for decision. That the Commission has the jurisdiction to make such an indefinite order continuing in force after the 245 weeks period has expired, where the disability is permanent, is settled. (*United States Fidelity & Guaranty Co.* v. *Department of Industrial Relations, etc.*, 207 Cal. 144 [277 Pac. 492].)

■ That an order enforcing a compensation award of the Commission is neither a rescission, an alteration nor an amendment of such award, has been determined. (*United States Fidelity etc. Co.* v. *Department of Industrial Relations, supra.*) That the jurisdiction to enforce such an order as is in question here necessarily includes the jurisdiction to decide if it should be enforced, viz., whether the ''necessity for nursing services'' still exists, seems to be sound logic. And the jurisdiction to so decide necessarily implies the jurisdiction to deny if the necessity does not exist. That is just what the Commission did by its order of March 3, 1932. If we were to adopt the contention of the Commission the result would be to effectually amend the original award by making it a definite award of $15 a week for the life of the applicant, instead of an indefinite award during the period of necessity only. As it is, under the order of March 3, 1932, the original award is not amended. The applicant does not get any more or any less than such award gives.

454

Respondent Crider, in his brief filed here as *amicus curiae*, urges in addition to the point raised by the Commission several others which in our opinion are mere informalities which have no effect on the order of March 3, 1932. (Sec. 60a.) Among them is the fact that the referee made no findings on such order. In our opinion findings are not jurisdictional, except possibly in an order of award. The same questions were raised by respondent Crider in his petition for a review of said order of March 3, 1932, which petition (Civ. No. 8459) was denied by this court and a petition to have same heard by the Supreme Court was likewise denied September 22, 1932.

In our opinion the order of May 4, 1932, was in excess of the powers of the Commission.

The petition in Civil No. 8478 is dismissed. In Civil No. 8553 the order is annulled.

Works, P. J., and Stephens, J., concurred.

A petition by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 3, 1933.