[L. A. No. 24416. In Bank. Feb. 8, 1957.]

DOUGLAS AIRCRAFT, INC. (a Corporation) et al., Petitioners, v. INDUSTRIAL ACCIDENT COMMISSION, JOHN A. MacDOWELL et al., Respondents.

Kearney, Scott & Clopton and Mort L. Clopton for Petitioners.

Everett A. Corten, Edward A. Sarkisian and Daniel C. Murphy for Respondents.

McCOMB, J.—This is a petition to review an award of compensation made by respondent commission in favor of respondent MacDowell (hereinafter referred to as the "employee") against petitioner Industrial Indemnity Company as the insurance carrier of petitioner Douglas Aircraft Company, Inc.

*Facts*: The employee was working for Douglas Aircraft Company, Inc. as a tool control dispatcher. He was employed on the night shift, and it was customary for him on two or three occasions each night to take a three-wheeled motor scooter to deliver blueprints to the blueprint room, pick up other blueprints, and return them to the toolroom.

About 10:40 p.m. on December 11, 1954, he took the motor scooter, went to the blueprint room, picked up blueprints and while returning to the tool booth where he worked he "struck a bump" in the road which threw him off the motor scooter. As a result of this fall he was injured.

The commission found:

First: The employee was inebriated at the time of the accident;

Second: The employee sustained injuries within the course of his employment; and

Third: The evidence failed to establish that the employee's injuries were caused by his intoxication.

This is the question presented for our determination: *Was there substantial evidence to sustain the second and third findings of the commission?*

*Yes.* This conclusion is governed by these rules:

■ (1) When a finding of fact of the Industrial Accident Commission is attacked on the ground that there is not any substantial evidence to sustain it, the power of an appellate court *begins* and *ends* with a determination as to whether there is any substantial evidence, contradicted or uncontradicted, which will support the finding of fact.

■ The findings of the commission are not subject to review on this ground except insofar as they may have been made without any evidence whatever in their support. (*Ethel D. Co.* v. *Industrial Acc. Com.,* 219 Cal. 699, 705 [5] [28 P.2d 919]; *Cadotte* v. *Industrial Acc. Com.,* 86 Cal.App.2d 754, 757 [194 P.2d 563]; *cf. Primm* v. *Primm,* 46 Cal.2d 690, 693 [1] [299 P.2d 231].)

■ (2) Where the employer or person in authority over a particular employee acquiesces in actions of the employee with knowledge of their character, a finding that the employee was within the scope and course of his employment at the time of an injury is sustained on the basis that the employer has impliedly authorized the employee's action. (*Jimeson* v. *Industrial Acc. Com.,* 23 Cal.App.2d 634, 638 [73 P.2d 1238]; *Department of Public Works* v. *Industrial Acc. Com.,* 128 Cal. App. 128, 131 [16 P.2d 777]; *Joshua Hendy Iron Works* v. *Industrial Acc. Com.,* 74 Cal.App.2d 191, 195 [5] [168 P.2d 203]; *Pacific Emp. Ins. Co.* v. *Chavez,* 5 Cal.2d 247, 252 [54 P.2d 701].)

■ (3) The burden of proving that an injury to an employee arising out of and occurring in the course of his employment was caused by his intoxication rests with the employer asserting such as a matter of defense. (Lab. Code, § 5705, subd. (b).)*

---

*Section 5705 of the Labor Code reads in part as follows: "The burden of proof rests upon the party holding the affirmative of the

Applying these rules to the instant case, the record discloses ample evidence to sustain each of the questioned findings. For example:

## Second Finding

■ Petitioners contend that the employee was injured while engaged in an act not within his assigned duties. It is true that there was evidence to this effect. However, there was uncontradicted evidence that the employee had been on the same job about six months, had regularly gone out on the scooter three or four times each night returning blueprints to the blueprint room and picking up others which he took back to the toolroom. The fact that the employee had performed these services was known to the "lead man," who had passively condoned and approved the practice. Therefore, under rule (2), *supra*, the record sustains this finding.

## Third Finding

■ Petitioners contend that since the commission found that the employee was inebriated at the time of the accident it necessarily follows that the proximate cause of the accident was his inebriation. This is a non sequitur.

The record discloses there was a conflict in the evidence relative to the employee's intoxication. Viewing, however, as we must in accordance with rule (1), *supra*, the evidence most favorable to sustaining the finding of the commission and disregarding conflicting evidence, the record reveals that prior to the accident on the evening in question the employee, during his lunch time (7:30 to 8 p.m.), consumed two or three bottles of beer with a sandwich. Two fellow workers testified he was not at all intoxicated, that from his appearance there was no indication he had been drinking, and they noted no odor of alcohol about his person. In addition, the "lead man" testified he noticed the employee and thought he had had a few drinks but was not going to bother him and left him alone. The employee himself testified that he never drank to the extent of reaching a drowsy stage and that he always quit if he felt drowsiness coming on. He further testified that he was thrown from the scooter when it struck a bump, and there is no evidence to the contrary.

In view of the foregoing evidence it is obvious that a question of fact as to whether or not the employer's defense that

---

issue. The following are affirmative defenses, and the burden of proof rests upon the employer to establish them: . . . (b) Intoxication of an employee causing his injury."

the inebriation was a proximate cause of the employee's accident was presented to the commission for its determination.

It is likewise evident that the evidence sustains the finding of the commission that even though the employee was inebriated at the time of his accident, the extent of such inebriation was not sufficient to impair his ability to ride a scooter and observe the ordinary hazards he might encounter.

The evidence also supports the finding of the commission that the accident was caused, as the employee testified, by his striking a bump in the road rather than by his inebriation.

Therefore, petitioners failed to sustain the burden of proof resting upon them, and the finding of the commission is binding upon this court.

The award is affirmed.

Gibson, C. J., Shenk, J., Carter, J., Traynor, J., Schauer, J., and Spence, J. concurred.

Petitioners' application for a rehearing was denied March 5, 1957.