[S. F. No. 19812. In Bank. Feb. 14, 1958.]

ARGONAUT INSURANCE EXCHANGE, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION and M. FRANCES BELLINGER et al., Respondents.

Leonard, Hanna & Brophy and Ivan A. Schwab for Petitioner.

Everett A. Corten and Daniel C. Murphy for Respondents.

SPENCE, J.—Petitioner seeks the annulment of an award of death benefits made to a surviving widow and children by a panel of respondent commission, and of an order of the panel denying petitioner's application for reconsideration. The panel made the challenged award following its reconsideration of a referee's order approving a compromise and release. Petitioner contends that the commission through its panel lacked jurisdiction to substitute its decision for that of the referee. Petitioner also contends that the panel's findings were insufficient, and it questions whether there was substantial evidence "based upon the entire record" to support the panel's award. Upon a review of the record and the applicable statutory provisions, we have concluded that petitioner's contentions cannot be sustained.

Decedent died on August 27, 1955, from an acute coronary occlusion. He had a preexisting heart condition. His widow and minor children claimed that the fatal heart attack resulted from exceptional stress and strain incident to the deceased's occupational activities. After several protracted hearings before a referee, the parties on October 15, 1956, filed a compromise and release for $5,000. This agreement contained a request that the attorney for the applicants be allowed a fee of

$750. On October 23, the referee approved the agreement but increased the attorney's fee to $1,000. On October 31, a panel of the commission, on its own motion, granted reconsideration "pursuant to Labor Code Section 5900(b)." Its initial report stated that the review had been primarily directed toward the adequacy of the attorney's fee allowed but that a review of the evidence indicated that the applicants had made out a sufficiently strong case to warrant redetermination of the adequacy of the consideration for the compromise and release. On December 20, 1956, the panel issued its decision after reconsideration. It concluded therein, after study of the record as a whole, that further proceedings were not essential for disposition of the claim. The panel set aside the referee's approval of the compromise and release agreement and substituted its own findings and award. It awarded a death benefit in the sum of $8,750, plus $400 burial expense, and determined that the applicants' attorney was entitled to a fee of $750, with the right of a lien for that amount against the unpaid compensation. Petitioner's application for reconsideration was denied.

Petitioner first challenges the jurisdiction of respondent commission to annul the referee's order approving the parties' compromise and release agreement. In 1951, the Legislature amended section 115 of the Labor Code so as to grant referees authority to issue original decisions. It was further provided that "every [such] ... order, decision, or award ... is the ... order, decision, or award of the commission unless reconsideration is had in accordance with the provisions of Article 1, Chapter 7, Part 4, Division 4 of this code [sections 5900-5911]." (Stats. 1951, ch. 778, p. 2266, § 1.) However, no authority was given to referees to render an original decision approving a compromise or release agreement. Under section 5001 of the Labor Code as it then read, "no release of liability or compromise agreement" was "valid unless ... approved by the commission as a whole or a panel thereof." (Stats. 1951, ch. 778, p. 2267, § 2.) In 1955, section 5001 was amended so that the required approval might be given "by the commission, a panel, commissioner, or *referee*." (Stats. 1955, ch. 1822, p. 3365, § 4; emphasis added.) Petitioner argues that these successive changes indicate a legislative intent that approval by a referee of a compromise and release agreement should have the same force and effect as an approval by the commission as a whole; and that once the referee has determined that the compromise should be approved, the commission cannot sub-

stitute its contrary determination for that of the referee. As above stated, no additional evidence was taken by the commission upon reconsideration of the case. Neither of the parties had sought to be released from the agreement nor claimed that the agreement was unfair or the consideration inadequate.

However, as respondent commission maintains, the authority granted to a referee by the 1955 amendment to section 5001 of the Labor Code must be construed in the light of the 1951 amendment to section 115 thereof, making *"every . . . order, decision, or award . . . by any commissioner or referee"* subject to reconsideration under Labor Code, sections 5900-5911. (Emphasis added.) Section 5900 of said code, by subdivision (b) added in 1951, provides: "At any time within 60 days after the filing of an order, decision, or award made by a commissioner or a referee . . . the commission may, on its own motion, grant reconsideration." (Stats. 1951, ch. 778, p. 2268, § 13.) Section 5911 of said code, also added in 1951, provides: "Nothing contained in this article shall be construed to prevent the commission, on petition of an aggrieved party or on its own motion, from granting reconsideration of an original order, decision, or award made and filed by the commission or a panel thereof, within the same time specified for reconsideration of an original order, decision, or award made and filed by a commissioner or a referee." (Stats. 1951, ch. 778, pp. 2270-2271, § 27.) Since the commission could reconsider its own orders and decisions, it would seem logical that it was similarly intended to have authority to reconsider the orders and decisions of one of its referees. To hold otherwise would give the 1955 amendment an effect inconsistent with the power of reconsideration vested in the commission under the cited statutes theretofore existing.

Petitioner contends that it was intended that the authority given by section 5900, subdivision (b) of the Labor Code should be exercised only where some meritorious reason exists for reconsideration, and not merely where the commission may have a different view of the same evidence. To this point, petitioner cites *Silva* v. *Industrial Acc. Com.*, 68 Cal. App. 510 [229 P. 870], which held that the commission could "reopen and reconsider an award where the equities of the case demanded it." (68 Cal.App. 515.) In that case a party, dissatisfied with a compromise of a claim approved some two years earlier, sought to have it set aside but made no showing of "mistake, duress, fraud, or undue influence" or of any

excuse for his failure to have "acted promptly in making his application for relief." (68 Cal.App. 515-516.) The "petition to reopen" was made in pursuance of the continuing jurisdiction of the commission over its orders, decisions and awards and its authority to "rescind, alter, or amend" them upon "good cause appearing therefor." (Lab. Code, § 5803; formerly Workmen's Comp. & Safety Act, Stats. 1917, ch. 586, p. 850, § 20d.) Such power exists in the commission for "five years from the date of the injury" (Lab. Code, § 5804) and its exercise requires a showing of good cause commensurate with such extended power. (See 1 Hanna, The Law of Employee Injuries and Workmen's Compensation, pp. 157-158.) But an entirely different situation is presented when the commission exercises, on its own motion, its right to reconsider a commissioner's or referee's order within 60 days after its filing. In such case the applicable statute makes no comparable reference to a showing of "good cause" as the basis for reconsideration. (Lab. Code, § 5900, subd. (b).)

It is true, as petitioner maintains, that the agreement purported to compromise a bona fide dispute between the parties. ▪ It is generally the rule that the merits of the original controversy are no longer in issue where a compromise agreement is made in good faith and without fraud, duress or undue influence. Ordinarily, such a compromise agreement is binding upon the parties and becomes the measure of their rights. (See *Stub* v. *Belmont*, 20 Cal.2d 208, 217 [124 P.2d 826]; *Bennett* v. *Bennett*, 219 Cal. 153, 159 [25 P.2d 426]; 11 Cal. Jur.2d § 5, pp. 8-9.) ▪ But here the legislative intent must prevail. The statute required approval (Lab. Code, § 5001), which was given by the referee. At the same time the referee increased the allowance of the fee for the applicants' attorney. While admittedly the referee found the executed agreement "outstandingly fair to all concerned," that finding did not preclude the commission's exercise of its power to reconsider his order of approval. (Lab. Code, § 115.) Although the commission's decision to reconsider the case was apparently prompted by the referee's determination to increase the attorney's fee, such reconsideration, once granted, was in nowise limited. The commission was not required to take further evidence (Lab. Code, §§ 5906, 5907) and it could redetermine the case upon the existing record pursuant to its statutory powers. (Lab. Code, §§ 5900, subd. (a), 5903.)

Petitioner argues that unless the referee's order of

approval is final, the payment of the agreed amount will be delayed for the statutory 60-day period during which reconsideration may be granted, thus preventing prompt consummation of the agreed compromise. This same argument could be made whether the original order approving the compromise was signed by a referee or the commission itself, a panel thereof or a commissioner. (Lab. Code, § 5001.) It thus appears that any such argument should be presented to the Legislature rather than to the courts. Under the circumstances here outlined and the statutory authority now conferred, respondent commission acted within its jurisdiction in granting reconsideration and thereafter making its own determination based upon its own review of the evidence. (Lab. Code, § 5900, subd. (b).)

██ Petitioner next urges that respondent commission failed to make "findings upon all facts involved in the controversy," as required by section 5313 of the Labor Code. Its objection is directed to the only finding made pertinent to the cause of death: that decedent "while employed as a general manager subsequent to October 1, 1954, at San Jose, California, by [the employer], sustained an injury arising out of and occurring in the course of his employment. Said injury proximately caused his death on August 27, 1955." Petitioner contends that this finding is inadequate as being no more than a conclusion of law. Several portions of the record are cited to show that various mental tensions arising from decedent's employment occurred some three months prior to the fatal attack, and it maintains there was no evidence that decedent sustained an injury at the time of his death. From this premise it argues that the commission should have made specific findings on each of these incidents of alleged tension in demonstration of their "truth or falsity" as a causative factor of decedent's death. (*Pierson* v. *Industrial Acc. Com.*, 98 Cal.App.2d 598, 601 [220 P.2d 794].) In the Pierson case the commission's failure to find on the material issue of employment caused the award to be annulled. In this case, however, there was no such omission. ██ Findings on ultimate facts only are required. (*Lumbermen's Mut. Cas. Co.* v. *Industrial Acc. Com.*, 29 Cal.2d 492, 499 [175 P.2d 823], and cases cited.) ██ Here the finding was directed to the ultimate issue as to whether the death was caused by the work. There is ample evidence to support such finding. The applicants' medical expert established decedent's medical history of hypertension, outlined the progressive nature of his

advanced coronary arteriosclerosis, and concluded that decedent's work, with its exceptional mental stress and responsibility, might "be considered the precipitating factor in hastening his exodus." In addition, petitioner's own medical expert, upon cross-examination, recognized that a person with decedent's advanced pathological involvement should not be subjected to nervous tension and strain in working conditions because "he might get an elevation of blood pressure that might literally blow out the wall of one of his coronary or cerebral vessels and cause death."

■ Likewise there is no merit to petitioner's attack upon the settled rule governing the scope of judicial review of the commission's award. Petitioner relies on the 1951 amendment to section 5952 of the Labor Code, calling for the court to determine "based upon the entire record" whether the commission's award is supported by substantial evidence. (Stats. 1951, ch. 606, p. 1769, § 8.) It argues that the quoted phrase requires the court to reexamine the whole record rather than to ascertain merely if there was substantial evidence therein to support the ruling in question. (See *California Shipbuilding Corp.* v. *Industrial Acc. Com.*, 27 Cal.2d 536, 541-542 [165 P.2d 669]; *Nielsen* v. *Industrial Acc. Com.*, 220 Cal. 118, 122 [29 P.2d 852, 30 P.2d 995].) But the 1951 amendment would appear to be only a restatement of the existing law, manifesting the Legislature's acceptance of the substantial evidence rule in these cases. ■ As was said on this precise point in *Columbia-Geneva Steel Division* v. *Industrial Acc. Com.*, 115 Cal.App.2d 862, at pages 863-864 [253 P.2d 45]: "This [1951] amendment was not intended to give the courts the power to substitute their judgment for that of the commission as to the effect or weight of the evidence. Section 9 of the Statute embodying this amendment specifically provides that it does not 'permit the court to hold a trial de novo, to take evidence, or to exercise its independent judgment on the evidence.' (Stats. 1951, p. 1769.) Since we cannot exercise our independent judgment on the evidence our inquiry ends when we find substantial evidence to support the panel's finding." (See Stats. 1953, ch. 94, pp. 815-816, §§ 1-2; also *Industrial Indem. Co.* v. *Industrial Acc. Com.*, 115 Cal.App.2d 684, 692 [252 P.2d 649].) ■ The record here contains substantial evidence to support the challenged finding that decedent "sustained . . . injury arising out of and occurring in the course

of his employment [which] proximately caused his death," and therefore the award will not be disturbed. (*Douglas Aircraft, Inc.* v. *Industrial Acc. Com.,* 47 Cal.2d 903, 905 [306 P.2d 425].)

The award and order are affirmed.

Gibson, C. J., Shenk, J., Carter, J., Traynor, J., Schauer, J., and McComb, J., concurred.