[Civ. No. 8362. Fourth Dist, Div. Two. Jan. 10, 1967.]

ARGONAUT INSURANCE CO., Petitioner, v. WORK-MEN'S COMPENSATION APPEALS BOARD and BRIAN J. HELM, Respondents.

Herlihy, Herlihy, Jones & Nelson and Harry M. Nelson for Petitioner.

Everett A. Corten, Edward A. Sarkisian, and Romaine E. Harper for Respondents.

KERRIGAN, J.— Jurisdiction of this court to consider this petition for a writ of review was questioned initially on the ground that petitioner is not a resident of this appellate district within the meaning of section 5950 of the Labor Code. Nevertheless, petitioner maintains that section 5950 of the Labor Code has never been enforced because petitioner consistently has been permitted to file in districts other than that of its residence;[1] that section 5950 of the Labor Code goes to the question of venue and not jurisdiction; that many factors are related to the Fourth District so that, in fairness to all concerned, the matter should be heard by this court. Specifically, the employer, the injured employee, and

---

[1]*Western Union Telegraph Co.* v. *Industrial Acc. Com., Donald W. Goldsberry,* 30 Cal. Comp. Cases 14; *Flying Tiger Lines, Inc., Employers' Mutual Liab. Ins. Co.* v. *Industrial Acc. Com., Thomas C. Haywood,* 30 Cal. Comp. Cases 174; *Peterbilt Motors Co., Transport Indemnity Co.* v. *Industrial Acc. Com., Robert Henry Parkes,* 30 Cal. Comp. Cases 262; *Agricultural Ins. Co.* v. *Industrial Acc. Com., Jose Maria Alvarez Lira,* 30 Cal. Comp. Cases 390. See 2 Campbell, Workmen's Compensation, § 1069, p. 1337.

the local office of petitioner are all located within this district. Moreover, the injury which gave rise to the claim and the original proceedings for disposition of the applicant's claim occurred within this district. Such a combination of factors is sufficient to confer jurisdiction and venue in this tribunal.

The employee sustained an injury on the employer's ranch near the City of Ontario in San Bernardino County. The ranch is maintained for the training of race horses and for developing potential jockeys. The employee, a 16-year-old youngster, lived in a dormitory or bunkhouse on the ranch, was paid a salary to aid in the care and training of the horses, and had ambitions of eventually becoming a thoroughbred pilot. While in the bunkhouse on Sunday, December 6, 1964, the employee engaged in some youthful "fooling around" with other trainees of the same approximate age, and during the course of the "horseplay" threw a glass of Kool-Aid in the face of one of his fellow trainees. The coworker chased the claimant around the bunkhouse and caught and pushed him through a glass door, as a consequence of which the young man suffered lacerations of the arms and hands.

On August 31, 1965, the employee filed an application with the Industrial Accident Commission (predecessor of respondent Workmen's Compensation Appeals Board). The referee, on December 14, 1965, filed findings and award determining the injury was not compensable on the ground the injury did not occur in the course of employment. Applicant then petitioned for reconsideration on January 3, 1966. By a report filed February 18, 1966, the identical referee recommended the petition be denied. Simultaneously on said date, some 67 days after the date of the original order denying recovery, the respondent-board filed a notice of intention to reopen the case pursuant to section 5803 of the Labor Code. The initial issue to be determined is whether the board exceeded its jurisdiction under section 5900, subdivision (b) of the Labor Code by reopening the case after the 60-day time limit prescribed therein had expired.

The "Opinion on Notice of Intention to Reopen" provides as follows:

"Appellant has petitioned from the Findings and Award and Order filed December 14, 1965, intending (sic, contending) in effect that the trial referee erred in finding that he did not sustain an injury arising out of and occurring during the course of his employment. Applicant requested a tran-

script in connection with his petition. Apparently the matter was held pending the preparation of the transcript so that it was not presented to the Board for consideration until jurisdiction was lost either to act upon applicant's petition or for the Board to act on its own motion. Therefore it seems just and proper that the matter be reopened on the Board's own motion. If and when the matter is reopened consideration will be given to applicant's petition and also to his request for oral argument.

"For the foregoing reasons:

"It Is Ordered that Case No. . . . be reopened on the Board's own motion pursuant to the provisions of Labor Code, Section 5803 unless good cause to the contrary has been shown in writing within ten (10) days from the service of this notice."

On March 28, 1966, counsel for the parties stipulated the board might reopen the case and consider applicant's contentions as set forth in his petition for reconsideration.

Reconsideration is, in effect, an appeal to the board from the trial referee's determination, and the *reconsideration* remedy is entirely *distinct* from the procedure for *reopening* a cause. Any person aggrieved, directly or indirectly, by any final order, decision, or award filed by a referee may petition for reconsideration (Lab. Code, § 5900, subd. (a)), or the commission may, on its own motion, grant reconsideration at any time within 60 days after the filing of such order, decision, or award of a referee (Lab. Code, § 5900, subd. (b)).

When reconsideration is granted under section 5900, subdivision (b) of the Labor Code, there is no requirement of a showing of "good cause" as the basis for reconsideration. (*Argonaut Ins. Exchange* v. *Industrial Acc. Com.*, 49 Cal.2d 706, 711 [321 P.2d 460].) When a petition for reconsideration has been granted or when the board has granted reconsideration on its own motion, the board may decide the matter *ab initio* on the record or may call additional witnesses. (Lab. Code, § 5906.) However, provision has been made for the board to act without taking further testimony. (Lab. Code, § 5907.)

The board is not required to take further evidence, but may redetermine the case on the existing record pursuant to its statutory powers. (*Argonaut Ins. Exchange* v. *Industrial Acc. Com., supra*, 49 Cal.2d 706, 712-713.) If the board fails to act on the petition for reconsideration within 30 days from the

date it was filed, the petition is deemed to have been denied by the board, unless the board, when good cause is shown for an extension, extends the time within which it may act on the petition for a period not to exceed an additional 30 days. (Lab. Code, § 5909.)

Where an employee's petition for reconsideration is denied by operation of law, it has been held further action of the board affecting a previous award exceeds its powers. (*Llewellyn Iron Works* v. *Industrial Acc. Com.*, 129 Cal.App. 449, 454 [18 P.2d 975].)

On the other hand, the board has continuing jurisdiction to reopen for five years from the date of injury. The board may reopen under section 5410 of the Labor Code on the ground of new and further disability occurring within the five-year period, even though the board's action is effected after the lapse of the five-year period, provided the application is filed within the five-year period. (*Westvaco etc. Corp.* v. *Industrial Acc. Com.*, 136 Cal.App.2d 60, 64 [288 P.2d 300].)

The board also has continuing jurisdiction for five years to reopen under sections 5803 and 5804 of the Labor Code, to alter, amend, rescind, or change an order in any way if *good cause* appears for reopening. (*DeCelle* v. *City of Alameda*, 186 Cal.App.2d 574, 578-579 [9 Cal.Rptr. 549]; *Sutton* v. *Industrial Acc. Com.*, 46 Cal.2d 791, 793 [298 P.2d 857]; *Sprague* v. *Industrial Acc. Com.*, 46 Cal.2d 414, 415, 417 [296 P.2d 548].)

Before the expiration of the five-year period, the board can act under section 5803 or 5804 of the Labor Code, or can act under section 5410. After the expiration of the five-year period, the board has no power to act under section 5803 or 5804, except where a petition to rescind, alter, or amend is filed by a party in interest, within the five-year period. Absent such a petition, and after the expiration of the five-year period, the board can only act under section 5410. (See *Westvaco etc. Corp.* v. *Industrial Acc. Com.*, *supra*, 136 Cal.App.2d 60, 64; Lab. Code, § 5804.) Consequently, sections 5803 and 5804 do not stand alone and must be read *in pari materia* with section 5410. (*United Air Lines* v. *Industrial Acc. Com.*, 158 Cal.App.2d 294, 297 [322 P.2d 535].) In the absence of a showing of a new and further disability within the meaning of section 5410, board action is governed by the provisions of section 5803 and 5804. (*Sutton* v. *Industrial Acc. Com.*, *supra*, 46 Cal.2d 791.)

■ In this case, the board's good cause for reopening under sections 5803 and 5804 of the Labor Code, no new and further disability appearing within the meaning of section 5410 of the Labor Code, was the inequity in allowing an unintended lapse of time in examining the employee's petition for reconsideration under section 5900 to be deemed a denial of the petition for reconsideration pursuant to section 5909 of the Labor Code.

A similar issue was determined in a case involving *reconsideration* in *United States Pipe & Foundry Co.* v. *Industrial Acc. Com.*, 201 Cal.App.2d 545 [20 Cal.Rptr. 395], wherein the court used the following quoted language: "Does Labor Code section 5900, subdivision (b), providing that at any time within 60 days after the filing of an order the Industrial Accident Commission may on its own motion grant reconsideration of the matter, fix a jurisdictional time limit upon such action of the commission? Although no case specifically decides the issue, we believe the language of the section and the statutory design permit no other conclusion than that the time limitation is jurisdictional."

Quoting further from the opinion of the court:

"The commission seeks to sustain its order on a second ground; it urges that instead of treating its ruling as a decision after reconsideration, we should regard it as a decision after reopening, pursuant to Labor Code section 5803. As we have above indicated, however, we do not believe this order, subject to error and infirmity, can be so lightly converted into a different, if valid, one.

"... . . . . . . . . . .

"... The content of a procedure should not be subject to alteration by title. . . .

"... The process of the reopening of the case is not identical with the process of reconsideration, and this difference introduces in the instant case problems of due process. Section 5803 of the Labor Code sets out the procedure of reopening: 'At any time, *upon notice and after an opportunity to be heard is given to the parties in interest,* the commission may rescind, alter, or amend any such order, decision, or award, good cause appearing therefor.' [Emphasis by the court.] The interested party must be given notice and opportunity to be heard, and one of the issues upon which he is to be heard is whether or not 'good cause' justifies the reopening. . . .

"The interested party here, the petitioner, did not receive notice that the hearing pertained to the issue of the reopening of the case under Labor Code section 5803. The commission does not contend that petitioner knew that the commission purported to act pursuant to that section. . . . The commission did not give petitioner adequate notice of any purported procedure under section 5803.

". . . On the other hand, *we do not mean to suggest that the commission may not, pursuant to the provisions of Labor Code section 5803,* upon its finding of good cause, reopen this case. . . ." (Emphasis added.)

In this case the board issued and served all parties with written notice of intention to reopen pursuant to section 5803 of the Labor Code, giving its reasons therefor, and granting the parties 10 days to file objections to reopening. The parties not only failed to object, but executed a written stipulation to the effect that the board should reopen under section 5803 of the Labor Code and consider the contentions of the applicant's petition. The board's misleading wording in its final disposition of the applicant's claim, "Opinion and Order (Granting Reconsideration on the Appeals Board's own motion pursuant to Labor Code 5900(b)) and Decision (After Reconsideration)," is not dispositive of the true nature of the order in view of the good cause which supported reopening under section 5803 of the Labor Code, particularly in the absence of the due process objections presented in *United States Pipe & Foundry Co.* v. *Industrial Acc. Com., supra,* 201 Cal.App.2d 545, 552. The board's decision in this case was made within 5 years of the date of injury and thus was within the period of the board's jurisdiction under sections 5803 and 5804 of the Labor Code.

The second issue presented on review is whether the board's finding is valid to the effect the claimant sustained an injury which arose out of and in the scope of his employment.

Under section 3600 of the Labor Code, in order to be compensable, an injury must both arise out of, and be in the course of employment. ▇▇▇ Generally, the phrase "in the course of employment" refers to the time and place of the injury. (*State Comp. Ins. Fund* v. *Industrial Acc. Com.,* 38 Cal.2d 659, 661 [242 P.2d 311]; *Artukovich* v. *St. Paul-Mercury Indemn. Co.,* 150 Cal.App.2d 312, 322 [310 P.2d 461]; *Scott* v. *Pacific Coast Borax Co.,* 140 Cal.App.2d 173, 178 [294 P.2d 1039].) However, the phrase "arising out of

the employment'' refers to the origin or cause of the injury. (*Scott* v. *Pacific Coast Borax Co., supra*; *Elk Grove Union High School Dist.* v. *Industrial Acc. Com.*, 34 Cal.App. 589, 594 [168 P. 392]; see (Cont. Ed. Bar 1963) Cal. Workmen's Compensation Practice, § 1.28.)

Both parties concede that the resolution of this question depends on whether the ''bunkhouse rule,'' relating to whether the injury was one ''in the course of employment'' supersedes the ''horseplay rule,'' relating to whether the injury was one ''arising out of the employment.''

██ The bunkhouse rule is merely an extension of the general rule that where an employee is injured on his employer's premises as contemplated by his contract of employment, he is entitled to compensation for injuries received during reasonable and anticipatable use of the premises. (*Rosen* v. *Industrial Acc. Com.*, 239 Cal.App.2d 748, 750 [49 Cal.Rptr. 706].)

The underlying rationale of the bunkhouse rule is best illustrated by reference to the leading California cases in which the rule has been developed and applied. (See *Larson* v. *Industrial Acc. Com.*, 193 Cal. 406 [224 P. 744]; *State Comp. Ins. Fund* v. *Industrial Acc. Com.*, 194 Cal. 28 [227 P. 168]; *Union Oil Co.* v. *Industrial Acc. Com.*, 211 Cal. 398 [295 P. 513]; *Truck Ins. Exchange* v. *Industrial Acc. Com.*, 27 Cal.2d 813 [167 P.2d 705]; *Madin* v. *Industrial Acc. Com.*, 46 Cal.2d 90 [292 P.2d 892]; *Employers' etc. Corp.* v. *Industrial Acc. Com.*, 37 Cal.App.2d 567 [99 P.2d 1089]; *Fidelity & Cas. Co.* v. *Industrial Acc. Com.*, 176 Cal.App.2d 541 [1 Cal.Rptr. 567]; *Aubin* v. *Kaiser Steel Corp.*, 185 Cal.App.2d 658 [8 Cal.Rptr. 497].)

The cases cited by respondents as being most persuasive in the case at bench are *Truck Ins. Exchange* v. *Industrial Acc. Com., supra,* 27 Cal.2d 813; *Madin* v. *Industrial Acc. Com., supra,* 46 Cal.2d 90; and *Employers etc. Ins. Co.* v. *Industrial Acc. Com.*, 41 Cal.2d 676 [263 P.2d 4].

In *Truck Ins. Exchange* v. *Industrial Acc. Com., supra,* 27 Cal.2d 813, the employee who had been working as a farm hand on one ranch owned by his employer was killed while driving to the neighboring ranch owned by his employer, on which a house the employee occupied as part of his remuneration was located. The court allowed compensation.

In *Madin* v. *Industrial Acc. Com., supra,* 46 Cal.2d 90, a husband and his wife, employed as full-time caretakers and

managers of 14 rental units, were injured at night when a bulldozer crashed into their apartment. The court allowed compensation without analyzing the bunkhouse rule as such, relying on the general proposition that "Where the injury occurs on the employer's premises, while the employee is in the course of employment, the injury arises out of the employment unless the connection is so remote from the employment that it is not an incident to it."

In *Employers etc. Ins. Co.* v. *Industrial Acc. Com., supra,* 41 Cal.2d 676, 679-680, the court noted that although an injury must be incidental to the employment in order to arise out of it, the injury need not be unique to the employment. Moreover, the connection between the employment and the injury need not be the sole cause of the injury; it is sufficient if the connection between the employment and the injury contributes to the injury.

■ Petitioner correctly notes that this injury occurred on a Sunday afternoon, a nonworking day, and that neither claimant nor his fellow-employees were obliged to remain on the premises on an off-duty day. Nevertheless, an injury is compensable if received while the employee is engaged in those normal activities which his contract of employment expressly or impliedly authorizes him to do. (*Employers' etc. Corp.* v. *Industrial Acc. Com., supra,* 37 Cal.App.2d 567, 573.) Although the employee herein was not required to be on the premises at the time of his injury, he was certainly authorized and permitted to be present. Under the doctrine enunciated in *Larson* v. *Industrial Acc. Com., supra,* 193 Cal. 406, 409-410, and *State Comp. Ins. Fund* v. *Industrial Acc. Com., supra,* 194 Cal. 28, 33, where an employee is required to live on the employer's premises, an injury suffered by the employee while making a reasonable use of the employer's premises is incurred in the course of employment, although the injury is received during the employee's leisure time. Application of this principle to circumstances where the employee is permitted to remain on the employer's premises although not required to do so, and is injured during his leisure time while making a reasonable use of the employer's premises is certainly a logical extension of an existing doctrine.

■ The record indicates that the boys were engaged in their customary Sunday recreation at the time of the injury. Whether the employee was acting reasonably at the time of his injury, as the board must have found, is essentially a

question of fact which it is beyond the power of this court to disturb. ■ When a finding of the board is attacked on the ground that there is not any substantial evidence to sustain it, the power of an appellate court *begins* and *ends* with a determination as to whether there is any substantial evidence, contradicted or uncontradicted, which will support the finding. (*Douglas Aircraft, Inc.* v. *Industrial Acc. Com.,* 47 Cal.2d 903, 905 [306 P.2d 425] ; *Argonaut Ins. Exchange* v. *Industrial Acc. Com.,* 49 Cal.2d 706, 713 [321 P.2d 460] ; *Fred Gledhill Chevrolet* v. *Industrial Acc. Com.,* 62 Cal.2d 59, 61 [41 Cal.Rptr. 170, 396 P.2d 586] ; *State Comp. Ins. Fund.* v. *Industrial Acc. Com.,* 176 Cal.App.2d 10, 15 [1 Cal.Rptr. 73] ; *Argonaut Ins. Co.* v. *Industrial Acc. Com.,* 221 Cal.App. 2d 140, 149 [34 Cal.Rptr. 206] ; *Argonaut Ins. Co.* v. *Industrial Acc. Com.,* 231 Cal.App.2d 111, 115 [41 Cal.Rptr. 628].)

The initial cases relative to the horseplay doctrine held that the worker engaging in such activity stepped aside from the course of his employment, and hence was not entitled to compensation for any injury suffered as a result thereof. (*Smith* v. *Heavner,* 9 Cal. Comp. Cases 160 (1943) ; *Hocum* v. *Pasadena Post & Star News,* 4 Cal. Comp. Cases 200 (1939) ; *Klein* v. *Mitchell,* 4 Cal. Comp. Cases 101 (1938) ; 18 Cal. L.Rev. 551, 560; 10 Cal.L.Rev. 97.) Former case law indicated that someone injured by another's horseplay should be denied recovery because even though the injury may have been sustained in the course of employment, the injury did not arise out of the employment but rather out of the horseplay. (*Pacific Employers Ins. Co.* v. *Division of Industrial Acc. & Safety,* 209 Cal. 656 [289 P. 619] ; *Great Western Power Co.* v. *Industrial Acc. Com.,* 187 Cal. 295 [201 P. 931] ; *Federal Mutual Liability Ins. Co.* v. *Industrial Acc. Com.,* 187 Cal. 284 [201 P. 920] ; *Fishering* v. *Pillsbury,* 172 Cal. 690 [158 P. 215] ; *Coronado Beach Co.* v. *Pillsbury,* 172 Cal. 682 [158 P. 212, L.R.A. 1916F 1164].)

Nevertheless, in *Pacific Employers Ins. Co.* v. *Industrial Acc. Com.,* 26 Cal.2d 286 [158 P.2d 9, 159 A.L.R. 313] (see 33 Cal.L.Rev. 458), the court reversed its former position, saying that where the employee was subjected to the horseplay of fellow employees and thereby suffered injury, such injury occurred in the course of the employment and arose out of the employment.

Thus, in *Pacific Employers Ins. Co.* v. *Industrial Acc. Com.,*

*supra,* 26 Cal.2d 286, the court created what has been described as the "nonparticipant" exception to the horseplay rule. (See 33 Cal.L.Rev. 458, *supra,* at 460.)[2]

▮ Another major exception to cases denying recovery under the horseplay rule is the circumstance in which the employer has actual or constructive knowledge of customary or habitual horseplay among his employees. Under such conditions, the employer's knowledge of the horseplay, without voicing objection, makes it a hazard closely associated with the work. Consequently, an injury incurred under such circumstances arises out of the employment and is compensable. In *McNicol's* case (1931) 215 Mass. 497 [102 N.E. 697, L.R.A. 1916A 306], the Supreme Judicial Court of Massachusetts held that where an employee was assaulted and killed by an obviously intoxicated fellow employee, whose quarrelsome and dangerous disposition when intoxicated was well-known to the employer, the injury "arose out of and in the course of his employment." Earlier foreign cases giving effect to this exception include *In re Loper* (1917) 64 Ind.App. 571 [116 N.E. 324]; *Stuart* v. *Kansas City* (1918) 102 Kan. 307 [171 P. 913]; *White* v. *Kansas City Stock Yards Co.* (1919) 104 Kan. 90 [177 P. 522]; *State* ex rel. *H. S. Johnson Sash & Door Co.* v. *District Court* (1918) 140 Minn. 75 [167 N.W. 283, L.R.A. 1918E 502]; see 33 Cal.L.Rev., 458, *supra,* at 459.)

Apparently, no California case authority exists which expressly recognizes and applies the foregoing exception to the horseplay rule. However, there are a few California decisions which appear to sanction the validity of the exception but find it inapplicable to the facts of the particular case presented. In *Great Western Power Co.* v. *Industrial Acc. Com., supra,* 187 Cal. 295, 301, the court noted: "In the case at bar it is not claimed or shown that the scuffling was habitual, that the employer had any knowledge of the horse-

[2]In *Ransom* v. *Hill* (1959) 205 Tenn. 377 [326 S.W.2d 659], the Supreme Court of Tennessee, which had previously held that only the nonparticipating victim of horseplay could recover compensation (*Borden Mills* v. *McGaha* (1930) 161 Tenn. 376 [32 S.W.2d 1039]), applied a more liberal rule in holding that as long as the acts done are the natural and normal things which employees do under the circumstances, the employees, whether participants or nonparticipants, are entitled to compensation for injuries suffered because they have not left their employment. (See 11 Hastings Law J. 347, 348, which indicates the trend of the law is toward increasing liability by abolishing the distinction in horseplay cases between participants and nonparticipants in awarding compensation.)

play, or that it had any other characteristic that would make it a risk of the employment." In *Martin* v. *Southern Pacific Co.,* 20 I.A.C. 50, 51, the commission held that where an injury was sustained because of habitual horseplay of which the employer had no knowledge, such injury did not arise out of or in the course of the employment.

It is this exception to the horseplay rule which finds both recognition and application in the instant case. Whether the employee's horseplay was customary and known by the employer to be so without objection on the employer's part, as the board must have found is essentially a question of fact which it is beyond the power of this court to set aside. When a finding of the board is attacked on the ground that there is no substantial evidence to sustain it, the power of an appellate court *begins* and *ends* with a determination as to whether there is any substantial evidence, contradicted or uncontradicted, which will support the finding. (*Douglas Aircraft, Inc.* v. *Industrial Acc. Com., supra,* 47 Cal.2d 903, 905; *Argonaut Ins. Exchange* v. *Industrial Acc. Com., supra,* 49 Cal.2d 706, 713; *Fred Gledhill Chevrolet* v. *Industrial Acc. Com., supra,* 62 Cal.2d 59, 61.)

In recognizing and applying what might be described as the "condonation" exception to the horseplay rule, we make no distinction between the participant and the nonparticipant. In the case at bench, it seems clear that the applicant was a participant in the horseplay which resulted in his injury. The applicant's participation in the horseplay is not decisive if the employer condones the horseplay in the first instance.

We do not hold, as the respondent would apparently have us hold, that the bunkhouse rule supersedes the horseplay rule in all circumstances. We do hold that the bunkhouse rule supersedes the horseplay rule under the circumstances presented in this case where horseplay is closely connected with the injured party's presence in the bunkhouse, such horseplay is known to and apparently condoned by the employer, and the injured party's presence in the bunkhouse is closely connected with his employment. These circumstances fall within the underlying philosophy of the Workmen's Compensation Act that work-connected injuries are compensable. Under these facts, the injury has "arisen out of and in the course of employment" within the meaning of section 3600 of the Labor Code. (See Riesenfeld, *Contemporary Trends in*

*Compensation for Industrial Accident,* 42 Cal.L.Rev. 531, 546.)

The final issue requiring disposition is whether the applicant was the aggressor in an altercation within the meaning of subdivision (g) of section 3600 of the Labor Code so as to bar his claim for benefits.

In 1952 the California Supreme Court held that an employee who engaged in a fight with his foreman, in which the employee was the instigator, may not be stepping aside from his employment if the fight was closely connected to the employment. (*State Comp. Ins. Fund* v. *Industrial Acc. Com., supra,* 38 Cal.2d 659; see 27 State Bar J. 138.)

In 1961 the Legislature amended section 3600 of the Labor Code, apparently to nullify the aforesaid decision in *State Comp. Ins. Fund* v. *Industrial Acc. Com., supra,* 38 Cal.2d 659, by specifically excluding injuries arising out of an altercation in which the injured employee was the physical aggressor.

Section 3600 of the Labor Code, as amended, provides in part: "Liability for the compensation provided by this division, in lieu of any other liability whatsoever to any person except as provided in Section 3706, shall, without regard to negligence, exist against an employer for any injury sustained by his employees arising out of and in the course of the employment and for the death of any employee if the injury proximately causes death, in those cases where the following conditions of compensation concur: (g) where the injury does not arise out of an altercation in which the injured employee is the initial physical aggressor."

██ Horseplay is distinguishable from "altercation." "Altercation" indicates willingness to inflict, or the actual infliction of, bodily harm. (*Rosenthal* v. *Voy Wong,* 30 Cal. Comp. Cases 103; *Brock* v. *Shoemaker,* 23 Cal. Comp. Cases 208; *Mercy Hospital* v. *Tompkins,* 4 Cal. Comp. Cases 242.) "Horseplay" or "skylarking," while it may result in bodily harm, is characterized by an absence of animosity. (*Smith* v. *Heavner, supra,* 9 Cal.Comp. Cases 160; *Klein* v. *Mitchell, supra,* 4 Cal. Comp. Cases 101; *Frandsen* v. *Rasmussen,* 3 I.A.C. 84 (1916).) ██ In the case under review, the actions of the young employee represented the trainees' customary form of recreation and was certainly consistent with the type of pranks which youngsters of his age would be expected to engage in. The test of whether recreational

activity is in the course of employment is whether the activity is an accepted and normal one. The activity must be shown to have achieved some standing as a custom or practice whether in the industry generally or in the particular employment. (*Reinert* v. *Industrial Acc. Com.*, 46 Cal.2d 349, 355 [294 P.2d 713]; *Winter* v. *Industrial Acc. Com.*, 129 Cal.App.2d 174, 177 [276 P.2d 689].)

Although the two elements "arising out of" and "in the course of employment" must coexist concurrently to sustain an award, these elements are often so intertwined that no valid distinction can be made. (*Scott* v. *Pacific Coast Borax Co.*, *supra*, 140 Cal.App.2d 173, 178-179.) In some cases, an injury has been held to have occurred "in the course of employment" because the employment was the cause of the injury. (*Zolkover* v. *Industrial Acc. Com.*, 13 Cal.2d 584, 588 [91 P.2d 106]; *Gardner* v. *Industrial Acc. Com.*, 73 Cal.App. 2d 361 [166 P.2d 362]; *Winter* v. *Industrial Acc. Com.*, *supra*, 129 Cal.App.2d 174.) In other decisions, the injury was deemed to be one "arising out of the employment" because it was sustained during and at the place of employment. (*Kimbol* v. *Industrial Acc. Com.*, 173 Cal. 351 [160 P. 150, Ann. Cas. 1917E 312, L.R.A. 1917B 595]; *Pacific Indemnity Co.* v. *Industrial Acc. Com.*, 86 Cal.App.2d 726 [195 P.2d 919].)

The court in *Madin* v. *Industrial Acc. Com.*, *supra*, 46 Cal.2d 90, 94-95, said: "Where the injury occurs on the employer's premises, while the employee is in the course of employment, the injury arises out of the employment unless the connection is so remote from the employment that it is not an incident to it."

In the case at bench it cannot be said that the employee's injury was so remote from the employment as not to be an incident of that employment. In point of actual fact, it can be fairly stated the injury was directly related to the employment.

The award of the Workmen's Compensation Appeals Board is affirmed. Writ denied.

McCabe, P. J., and Tamura, J., concurred.

On February 9, 1967, the opinion was modified to read as printed above.