[No. B155026. Second Dist., Div. Six. May 28, 2002.]

ATASCADERO UNIFIED SCHOOL DISTRICT, Petitioner, v. WORKERS' COMPENSATION APPEALS BOARD and CARRIE GEREDES, Respondents.

## COUNSEL

Goldman, Magdalin & Krikes, Kim A. Enriquez and George A. Krikes for Petitioner.

No appearance for Respondent Workers' Compensation Appeals Board.

William A. Herreras for Respondent Carrie Geredes.

## OPINION

**COFFEE, J.**—Carrie Geredes, an employee of petitioner Atascadero Unified School District (District), filed an application for workers' compensation alleging that, as the result of workplace gossip about her extramarital affair with a coworker, she suffered a compensable psychiatric injury. The workers' compensation judge (WCJ) ruled against her. The Workers' Compensation Appeals Board (WCAB) overruled the judge. We annul the WCAB's ruling because, as a matter of law, an injury caused by workplace gossip about an employee's personal life does not arise out of employment.

### FACTS

The facts are undisputed. Geredes is a bus driver/instructor for the District. She and a coworker had an affair while each was married to someone else. They made no effort to conceal the affair, and they often were seen together during working hours. The affair ended and, soon after, Geredes was told by a coworker that her former paramour, a second married man she allegedly was pursuing, and that man's wife were gossiping about the affair at work. Purportedly, the gossip included name calling, including "tramp" and "husband stealer." After Geredes became aware of the gossip, she asked her supervisor to take steps to stop it. Both her supervisor and the assistant superintendent of human resources immediately held meetings with the named employees. After these meetings, the gossip stopped.

Geredes filed a workers' compensation claim alleging cumulative psychiatric injury from February 1999 to October 18, 1999, from a hostile work environment and sexual harassment. She saw a psychiatrist who diagnosed major depression and found her temporarily totally disabled from October 18 through December 1999. Geredes's qualified medical examiner issued a 20-page report opining that Geredes's psyche injury was due to "work stressors." The District's qualified medical examiner attributed Geredes's depression to events in her personal life, including an abusive husband and the breakup of her marriage, as well as the extramarital affair.

The WCJ found that no compensable psychiatric injury occurred because the gossip concerned a personal matter unrelated to Geredes's employment.

The WCAB overruled the WCJ, finding that the injury was one arising out of and in the course of employment because her coworkers were the source of the gossip and the gossip took place in the workplace.

In this petition, the District argues that injury from workplace gossip about an employee's extramarital affair with another employee is not compensable because the injury did not arise out of employment. Geredes argues that the WCAB did not exceed its authority in reversing the WCJ and finding injury, that the petition should be denied because the District did not include the psychiatric reports with the petition, and that she is entitled to attorney fees because the petition is without substantial basis.

## DISCUSSION

█ Applying a statute to undisputed facts raises a question of law for the court to decide. (*Mote v. Workers' Comp. Appeals Bd.* (1997) 56 Cal.App.4th 902, 909 [65 Cal.Rptr.2d 806].) A purported finding of fact on a question of law is not binding on this court. (*Dimmig v. Workmen's Comp. Appeals Bd.* (1972) 6 Cal.3d 860, 864 [101 Cal.Rptr. 105, 495 P.2d 433]; see *Murphy v. Workers' Comp. Appeals Bd.* (1978) 86 Cal.App.3d 996, 1002 [150 Cal.Rptr. 561] ["The facts are not in dispute; only the legal result which flows from them. It therefore becomes a matter of law as to whether the connection between the assault and the employment was a contributory cause of the injury."].)

█ Labor Code section 3600, subdivision (a) provides in part: "Liability for the compensation provided by this division . . . exist[s] against an employer for any injury sustained by his or her employees arising out of and in the course of the employment . . . . [¶] . . . [¶] (2) Where, at the time of the injury, the employee is performing service growing out of and incidental to his or her employment and is acting within the course of his or her employment. [¶] (3) Where the injury is proximately caused by the employment, either with or without negligence." Section 3600 requires an employer to provide workers' compensation benefits to an employee for a physical or psychiatric injury "arising out of and in the course of the employment." Generally, "in the course of employment" refers to the time and place of the injury. (*Argonaut Ins. Co. v. Workmen's Comp. App. Bd.* (1967) 247 Cal.App.2d 669, 676 [55 Cal.Rptr. 810].) The phrase "arise out of employment" refers to a causal connection between the employment and the injury. (*California Comp. & Fire Co. v. Workmen's Comp. App. Bd.* (1968) 68 Cal.2d 157, 160 [65 Cal.Rptr. 155, 436 P.2d 67].)

It is not sufficient for purposes of finding industrial causation if the nature of the employee's duties "merely provided a stage" for the injury (*Transactron, Inc. v. Workers' Comp. Appeals Bd.* (1977) 68 Cal.App.3d 233, 238 [137 Cal.Rptr. 142]); " 'if the employment were an after the fact rationalization' " (*Albertson's, Inc. v. Workers' Comp. Appeals Bd.* (1982) 131 Cal.App.3d 308, 313 [182 Cal.Rptr. 304]); or if " 'the evidence established that the employment was a mere passive element that a nonindustrial condition happened to have focused on' " (*ibid.*). A finding of industrial injury is proper only where the employment plays an "active" or "positive" role in the development of the psychological condition. (*Id.* at pp. 316-317; *Bingham v. Workmen's Comp. App. Bd.* (1968) 261 Cal.App.2d 842, 848 [68 Cal.Rptr. 410].)

An injury that grows out of a personal grievance between the injured employee and a third party does not arise out of the employment if the injury occurred merely by chance during working hours at the place of employment, or if the employer's premises do not place the injured employee in a peculiarly dangerous position. Thus, when a third party intentionally injures the employee and there is some personal motivation or grievance, there has to be some work connection to establish compensability. (*California Comp. & Fire Co. v. Workmen's Comp. App. Bd., supra,* 68 Cal.2d at pp. 161-162; *California State Polytechnic University v. Workers' Comp. Appeals Bd.* (1982) 127 Cal.App.3d 514, 518-520 [179 Cal.Rptr. 605]; *Murphy v. Workers' Comp. Appeals Bd., supra,* 86 Cal.App.3d at p. 1002: *Transactron, Inc. v. Workers' Comp. Appeals Bd., supra,* 68 Cal.App.3d at pp. 238-239; *Ross v. Workmen's Comp. Appeals Bd.* (1971) 21 Cal.App.3d 949, 956 [99 Cal.Rptr. 79].)

■ In finding no compensable injury, the WCJ stated: "Clearly, the source of applicant's problem is the rumors and gossip about the applicant. Those rumors and gossip about the applicant virtually all stemmed from acts and occurrences of applicant's personal life that all occurred off the job and had no connection with her employment. . . . Gossip about an individual's personal life . . . is simply not part of the employment relationship." This result is supported by the above cited case law and the decision of our Supreme Court in *LaTourette v. Workers' Comp. Appeals Bd.* (1998) 17 Cal.4th 644 [72 Cal.Rptr.2d 217, 951 P.2d 1184]. In that case, an employee who suffered a heart attack due to a preexisting heart condition while attending a work-related seminar did not suffer a compensable injury. The court stated: " '[T]he statute requires that an injury "arise out of" the employment . . . . [I]t must "occur by reason of a condition or incident of [the] employment . . . ." [Citation.] [T]he employment and the injury must

be linked in some causal fashion.'" (*Id.* at p. 651, fn. omitted, quoting *Maher v. Workers' Comp. Appeals Bd.* (1983) 33 Cal.3d 729, 733-734 [190 Cal.Rptr. 904, 661 P.2d 1058].)

In awarding compensation, the WCAB relied on *Albertson's, Inc. v. Workers' Comp. Appeals Bd., supra,* 131 Cal.App.3d 308, reasoning that the injury is compensable because it was caused by an "actual event of her employment." We are not persuaded. With due respect to the WCAB, the facts in *Albertson's* differ markedly from the facts in this case. In *Albertson's,* the employee was out of work during the pendency of a union grievance arising from a layoff. When she returned to work 10 days later, she perceived that her supervisor's attitude toward her had changed. She asserted she overheard her supervisor ridiculing her and talking about getting rid of her with a coworker. Two other coworkers informed her that they too had overheard her supervisor expressing an intent to get rid of her. In *Albertson's,* the employee's psyche injury arose from a conflict between the employee and her supervisor relating to scheduling her hours and her temporary layoff, undeniably work-related issues. None of these facts are present here. The cases relied on by the WCJ and those cited above, especially the physical assault cases, are factually similar in that, as the District points out, Geredes is alleging a "verbal assault."

We agree with the WCJ that gossip about an employee's personal life is not part of the employee-employer relationship. Geredes's off-duty affair had nothing to do with her employment. Even though Geredes and her paramour were both employees of the District and the gossip occurred at work, the nature of her duties was not the proximate cause of her injury for it merely provided a stage for the event. (*LaTourette v. Workers' Comp. Appeals Bd., supra,* 17 Cal.4th 644.) In other words, the employment was not a contributory cause of the injury. (*Madin v. Industrial Acc. Com.* (1956) 46 Cal.2d 90, 92 [292 P.2d 892]; see also *Wiseman v. Industrial Acc. Com.* (1956) 46 Cal.2d 570, 573 [297 P.2d 649].)

Geredes's argument that we should dismiss the petition under California Rules of Court, rule 57(a), for failure to include the psychiatric reports with the petition is without merit. Whether Geredes's injury arose within the course and scope of her employment requires the court to interpret a statute and does not depend on whether either of the psychiatric reports contains substantial evidence. Geredes's request for attorney fees under Labor Code section 5801 is denied, as this court finds that the District's petition has substantial merit.

We annul the award and remand to the WCAB with directions to withdraw its order granting reconsideration and issue a new order denying Geredes's petition for reconsideration.

Yegan, Acting P. J., and Perren, J., concurred.

A petition for a rehearing was denied June 24, 2002, and the petition of respondent Carrie Geredes for review by the Supreme Court was denied August 14, 2002.